This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17, 1995.
The appellant, Thomas Hill, was convicted of robbery in the first degree and he was sentenced to 20 years' imprisonment.
The appellant's trial counsel withdrew and new counsel was appointed before the sentencing hearing. Following the sentencing hearing, new counsel filed a timely motion in accordance with Ex parte Jackson, 598 So.2d 895 (Ala. 1992). Counsel subsequently filed a motion for a new trial. The trial court never ruled on that motion; and it was denied by operation of law. See Rule 24.4, Ala.R.Crim.P.
In his motion for a new trial, the appellant alleged:
 "7. Defendant Thomas Hill did not receive effective assistance of counsel as guaranteed him by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution of 1901. Without limiting the foregoing, Defendant Thomas Hill sets forth the following areas of ineffectiveness:
 "a. Defendant Thomas Hill gave a statement to law enforcement officials around the time of his arrest. That statement was not voluntary but was improperly induced by representations of law enforcement officials that his giving a statement would result in a reduced bond. Thus, the statement was inadmissible under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution of 1901. Defendant Hill's statement was used by the prosecution in its case-in-chief and was also used by the prosecution to impeach Defendant Hill's testimony in the defense case. Defendant Hill's trial counsel failed to properly object *Page 486 
to the use of Defendant Hill's statement."
(S.R. 9.) The State did not file a response to the appellant's motion for a new trial.
The appellant alleges in his brief to this court that he was entitled to a hearing on his motion for a new trial so that his allegation of ineffective assistance of trial counsel could be addressed. In Edgar v. State, 646 So.2d 683 (Ala. 1994), the Alabama Supreme Court held that
 "where . . . a criminal defendant's motion for a new trial is denied under the provisions of Rule 24.4, Ala.R.Crim.P., without an affirmative statement by the trial judge giving the ruling a presumption of correctness and the defendant supports his new trial motion by evidence that was not presented at trial, and that evidence, if not controverted by the State, will entitle him to a new trial, the denial by operation of law should be reversed and the case remanded for the trial court to conduct a hearing on his motion for new trial and then enter an order either granting or denying the motion."
646 So.2d at 687.
While the allegations in the motion for a new trial were not controverted by the State, the motion for a new trial was not supported by an affidavit.
 " 'Consequently, the assertions of counsel contained [in an unverified motion] "are bare allegations and cannot be considered as evidence or proof of the facts alleged." ' Arnold v. State, 601 So.2d 145, 154 (Ala.Cr.App. 1992). ' "Assertions of counsel in an unverified motion . . . are bare allegations and cannot be considered as evidence or proof of the facts alleged." Smith v. State, 364 So.2d 1, 14 (Ala.Cr.App. 1978). See Daniels [v. State], 416 So.2d [760, 762 (Ala.Cr.App. 1982)].' Blount v. State, 557 So.2d 1333, 1335
(Ala.Cr.App. 1989)."
Ingram v. State, 629 So.2d 800, 804 (Ala.Crim.App. 1993).
In Similton v. State, 672 So.2d 1363 (Ala.Crim.App. 1995), this court held that if a motion for a new trial is not supported by an affidavit, this court will not reverse the trial court's judgment and remand the cause to the trial court for a hearing on the allegations contained in the motion for a new trial. However, in this case, the allegations of ineffective assistance of counsel are supported by facts contained in the record. The following is a portion of the appellant's testimony at trial concerning his statement to law enforcement officials:
 "And he was saying it would be in my best interest to tell what had happened, and he started plea bargaining right then, 'You tell me how to get touch with him I can get you probation.' First he said, 'I can get it down to robbery two.' And like I told him, 'No, you can't get it to that because you ain't going to get it up to robbery two because I didn't rob.' The second thing he kept saying was, 'I can get you probation and you just stay out of Alabama.' He said, 'That was stupid of you anyway.' I said, 'I might buy that, I might try that.' He said he would get my bond reduced. They had me under a $10,000 bond. It was getting pretty late and I was tired and he was shooting one question after another.
". . . .
 "In a way, because when he kept saying, 'You can make bond, you need to get out of here, you ain't got no business being in jail,' I just thought let me get me a bond and let me get out of here. I said if they can't find this guy I'll find him for them because I ain't going to prison for something I didn't do.
 "Q. [Defense counsel:] So after reference was made to getting robbery one down to robbery two, or getting you some probation, getting your bond reduced, you gave a statement to them that ended at 11:05 . . . that night?
"A. I don't remember the exact time."
(R. 89-90.)
The above-quoted testimony indicates that the appellant gave his statement because he was made a promise by the interrogating officer concerning bond. "Clearly, '[a] confession may be inadmissible if induced by a promise to let the accused out on bail, to assist in providing bail, or by a promise to reduce bail. Machen v. State, 16 Ala. App. 170,76 So. 407 (1917).' Eakes v. State, 387 So.2d 855, 859
(Ala.Crim.App. 1978)." Hooks *Page 487 v. State, 534 So.2d 329 (Ala.Crim.App. 1987), aff'd.534 So.2d 371 (1988), cert. denied, 488 U.S. 1050, 109 S.Ct. 883,102 L.Ed.2d 1005 (1989). Defense counsel made no motion to suppress the appellant's statement and made no objection to the statement when it was admitted.
Although the motion for a new trial is not supported by an affidavit, the ineffective assistance allegation is supported by facts shown in the record on appeal. "Supporting affidavits or other extrinsic evidence is not necessary or proper where the grounds relied on in the motion for a new trial are shown by the record of the proceedings." 66 C.J.S. New Trial § 161 (1950). See also Thomason v. Silvey 123 Ala. 694, 26 So. 644
(1899). The allegation of ineffective assistance of counsel contained in the motion for a new trial is supported by evidence that, if true, would entitle the appellant to a new trial. The appellant, therefore, was entitled to a hearing on this allegation. The denial of the motion for a new trial is reversed, and the case is remanded to the trial court with directions that it hold a hearing on the appellant's motion for a new trial. Following the hearing, the trial court shall grant or deny the motion for a new trial.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On September 8, 1995, on return to remand, the Court of Criminal Appeals affirmed, without opinion, and on November 9, 1995, that court denied rehearing, without opinion. On March 1, 1996, the Supreme Court denied certiorari review, without opinion (1950298).