The appellant, Willie Mack Cauley, Jr., was convicted of robbery in the first degree. He was sentenced to 20 years' imprisonment. On direct appeal, he raises five issues for review.
The appellant first contends that his trial counsel was ineffective. He filed a motion for a new trial alleging that counsel's performance was deficient and that deficient performance necessarily altered the outcome of his case, thereby prejudicing him. The State failed to file a response, and the motion was denied without comment from the trial court by operation of law. The claims made by the appellant in his motion for new trial are not supported by an affidavit, but these acts or omissions by trial counsel that the appellant complains of are all evidenced by the record. Hill v. State,675 So.2d 484 (Ala.Crim.App. 1995); Edgar v. State,646 So.2d 683 (Ala. 1994).
The appellant complains that his trial counsel was ineffective and that ineffectiveness prejudiced the outcome of his trial. He bases this contention upon several instances where, he alleges, trial counsel failed to act. First, trial counsel failed to present any evidence during the hearing on the appellant's status as a youthful offender. Further trial *Page 1107 
counsel failed to object to the trial court's consideration of allegedly inadmissible evidence of prior offenses as to which the charges had been dismissed in denying youthful offender status to the appellant. (Supp.R. 4-7, R. 6-9.) Trial counsel allegedly failed to present evidence at the sentencing hearing other than letters from friends of the appellant. (R. 160-64.) Additionally, trial counsel failed to object to the allegedly improper cross-examination of a defense witness and further failed either to move for a mistrial or to move to strike the testimony elicited during that improper cross-examination. (R. 123-25.) Finally, trial counsel failed to object to the application of § 12-15-34.1, Ala. Code 1975, as unconstitutional.[1]
This case is procedurally similar to Hill v. State, supra. InHill, this court held that in a case where the motion for a new trial is not supported by an affidavit, but the allegations of ineffective assistance are supported by the record, remand is required where the appellant's allegations, if true, would entitle that appellant to a hearing on the merits. See also,Boatwright v. State, 471 So.2d 1257 (Ala. 1985) (allegations of ineffective assistance of counsel, if true, entitle the petitioner to relief). Therefore, based on the appellant's claim of ineffective assistance of counsel, this case is remanded to the trial court for a hearing on the merits. By remanding this case for an evidentiary hearing, this court is making no determination as to whether the appellant is actually entitled to a new trial.
The appellant also raises several other issues for review, which we have considered and resolve as follows.
The appellant claims that the trial court erred in giving the State's requested jury instruction number one and in refusing to give an instruction requested by the defense on intent. However, this issue was not properly preserved for review. In order to preserve for review an objection to the giving or the denial of a jury instruction, it is necessary for the appellant to state for the record upon what specific grounds the objection is made. See, Rule 21.2, Ala.R.Crim.P. The appellant failed to state any grounds for his objection; therefore, this issue is precluded from our review.
Next, the appellant complains that the trial court erred in denying the appellant's motion to suppress the evidence of his statement to the police. The evidence presented at the hearing on the motion to suppress conflicted as to whether the appellant requested that his mother be present during his questioning. In a motion to suppress, the State has the burden of showing that the accused understood and voluntarily waived his or her Miranda rights after being read those rights. Where a juvenile is being questioned, the State must also show that the accused was informed of the right to consult with a parent or with counsel. Smith v. State, 623 So.2d 369
(Ala.Crim.App. 1992); Rule 11(A), Ala. R. Juv. P. In this case, the State satisfied its burden by presenting evidence of the appellant's signature on a waiver of juvenile rights form, which he admitted signing after the waiver was read to him. The trial court denied the motion to suppress after hearing testimony from both the State and the appellant. This court will not reverse the trial court's decision without evidence that the court abused its discretion. The record does not reveal any abuse by the trial court.
Further, the appellant contends that the trial court improperly denied appellant's request for youthful offender status. As this court held in Burks v. State, 600 So.2d 374
(Ala.Crim.App. 1991), the Youthful Offender Act allows the trial court tremendous discretion, after appropriate investigation, in deciding whether to grant the appellant youthful offender status. § 15-19-1, Ala. Code 1975. This court will not overturn the trial court's decision on such a request absent evidence that the court's decision was made arbitrarily or without some investigation of the appellant's background.Watkins v. State, 357 So.2d 156 (Ala.Crim.App. 1977), cert. denied, 357 So.2d 161 (Ala. 1978). The record here reveals that the trial court considered *Page 1108 
the appellant's prior juvenile record and heard argument from both parties before denying the appellant youthful offender status. Therefore, the appellant's argument is without merit.
Finally, the appellant claims that the trial court abused its discretion in denying the appellant's motion for a new trial. The appellant, however, failed to argue this issue in his brief to this court. As this court held in Pilot v. State,607 So.2d 306 (Ala.Crim.App.), aff'd. 607 So.2d 311 (Ala. 1992), no issue will be considered on appeal unless presented and argued in brief. See also, Ex parte Riley, 464 So.2d 92 (Ala. 1985);Braxton v. Stewart, 539 So.2d 284 (Ala.Civ.App. 1988). The appellant properly designated the issue in his brief to this court, but failed to make an argument concerning or even to mention the issue in the briefs argument section. Therefore, this court cannot consider this issue.
We remand this cause to the trial court with instructions that that court conduct an evidentiary hearing on the merits of the appellant's ineffective assistance of counsel claim. A return to remand will be made with this court within 70 days of the date of this opinion. However, the judgment of the trial court is affirmed as to the remaining issues presented for review.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
[1] Section 12-15-34.1 provides that in the event of the commission of certain offenses a minor who is 16 years or older at the time of the offense shall not be subject to the jurisdiction of the juvenile court.
* Note from the Reporter of Decisions: On August 23, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.