COBB, Judge.
The appellant, Tony Eugene Grimes, was convicted of attempted murder. He was sentenced pursuant to the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975, to life *958 imprisonment without parole. On direct appeal he raises five issues.
First, the appellant correctly claims that the trial court erred in not holding a hearing on his motion for a new trial. The appellant filed three separate motions for a new trial — two he filed pro se and one was filed by appellate counsel. Only the second motion for a new trial may be considered by this court, because the allegations in the other motions were not supported by sworn affidavits nor by the record; they contain only bare allegations. See, Similton v. State, 672 So.2d 1863 (Ala.Crim.App.1995), modified by Hill v. State, 675 So.2d 484 (Ala.Crim.App.1995).
In the appellant’s second pro se motion for new trial, he alleged that trial counsel had been ineffective. One reason for this claim was trial counsel’s failure to subpoena witnesses, two of whom he says could have testified to his innocence. The State failed to respond to the appellant’s allegations. The trial court denied the appellant’s first motion for a new trial, then granted the appellant’s motion to amend that motion. (C. 6.) However, the trial court never ruled on the amended motion for new trial; therefore, it was deemed denied by operation of law. Rule 24.4, Ala.R.Crim.P. The trial court should have heard the appellant’s motion for new trial, because the allegations, if true, would entitle the appellant to a new trial. Ex parte Boatwright, 471 So.2d 1257 (Ala.1985). Therefore, we remand this matter to the circuit court for an evidentiary hearing on the merits of the appellant’s claims.
The appellant further contends that the trial court erred in denying his motion to suppress evidence of several statements made by him before he was read his Miranda rights, pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, the appellant made the statements in question before he was arrested or involved in any sort of custodial interrogation. (C. 173-77.) The questions asked of him by the police were merely investigative, and the comments he volunteered in response are not protected by Miranda. This court, in Smolder v. State, 671 So.2d 757 (Ala.Crim.App.1995), held that eveiy person whom the police detains briefly and interviews need not be given Miranda warnings, because Miranda is applicable only when the detainee is subjected to a custodial interrogation. See also, Davis v. Allsbrooks, 778 F.2d 168, 170 (4th Cir.1985); Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). Custodial interrogation occurs when law enforcement personnel initiate the questioning of a person who has been taken into custody or “otherwise deprived of his freedom of action in any significant way.” Miranda, 384 U.S. at 444, 86 S.Ct. at 1612. General interrogation is initiated merely for investigative rather than for accusatory purposes and Miranda is therefore inapplicable. Primm v. State, 473 So.2d 1149, 1158 (Ala.Crim.App.1985). Further, the United States Supreme Court has explicitly recognized that Miranda warnings are not required simply because the questioned person is also a suspect. California v. Beheler, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983). The trial court properly denied the appellant’s motion to suppress evidence of these statements.
The appellant also argues that the trial court erred in denying his Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), motion. The trial court failed to find a prima facie case of racial discrimination, but nevertheless asked the State to offer race-neutral reasons for its strikes of two black jurors. The State offered race neutral reasons for both strikes (R. 46-48). The State revealed that it struck the two veniremembers because they worked together and were friends, and additionally, because one of those two veniremembers had sat on a previous jury that acquitted a defendant.
The United States Supreme Court, in Burkett v. Elem, 514 U.S. 765, -, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834 (1995), held that once the prosecutor offers a neutral reason for the peremptory striking of a juror, the trial court must decide whether the reason proffered is a mere pretext for purposeful discrimination. The Alabama Supreme Court has held that a circuit court’s decision in this matter is entitled to great deference; *959 thus our appellate courts will reverse the circuit court’s Batson findings only where those findings are clearly erroneous. Ex parte Thomas, 659 So.2d 3, 7 (Ala.1994). The trial court’s denial of the appellant’s Batson motion was not clearly erroneous.
Finally, the appellant claims that the trial court erred in denying his motion to exclude from evidence items that the State failed to timely produce to the appellant after they were requested, specifically, a gold chain and a shirt allegedly worn by the appellant on the night of the offense. (C. 37, 46.) The trial court allowed the appellant to examine the challenged items during a recess out of the jury’s presence. (R. 112-13, 125). The appellant claims that the evidence should have been suppressed because the State failed to comply with the court’s discovery order (C. 10) and violated Rule 16, Ala. R.Crim.P. However, as this court held in Pettway v. State, 607 So.2d 325 (Ala.Crim.App.1992), not every violation of Rule 16 requires that the trial court suppress the undisclosed evidence. The trial judge has several less extreme options, one of which the court here chose — to allow the appellant to inspect the evidence once the infraction is brought to its attention. See, Rule 16.5, Ala. R.Crim.P. “Whether and to what extent a trial court imposes sanctions for non-compliance with Rule 16 rests ‘within the sound discretion of the court.’ ” Pettway, 607 So.2d at 331 (citing McCrory v. State, 505 So.2d 1272, 1279 (Ala.Crim.App.1986)). The trial court did not abuse its discretion in refusing to suppress the evidence in question.
For the foregoing reasons, this case is remanded to the trial court for proceedings consistent with this opinion. Return to remand with this court will be made within 70 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.

 Note from the Reporter of Decisions: On Decern-her 20, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion,