COBB, Judge.
Alfred Lee Jones, Jr., was convicted of one count of possession of cocaine, a violation of § 13A-12-211, Ala.Code 1975; and two counts of distribution of cocaine, violations of § 13A-12-211, Ala.Code 1975. He received a life sentence on each count, to be served concurrently. Jones raises five issues on appeal; however, because we are remanding this cause on two issues, it is not necessary at this time to address the remaining issues.
Jones was indicted for one count of possession of cocaine and two counts of distribution of cocaine. Jones subsequently consented to a conditional plea bargain agreement pursuant to which the State would dismiss the distribution charges and lessen his sentencing accordingly, if he cooperated with police drug investigators. Thirty days later, at Jones’s sentencing hearing, the prosecutor stated, “[W]e have no knowledge [of Jones’s cooperation].” (R. 8.) As a result, Jones’s conditional plea agreement was not honored and he received a life sentence for each count.
Jones argues that the trial court erred in denying his motion for a new trial based on the alleged ineffective assistance of counsel, without holding an evidentiary hearing. We agree.
Normally, a defendant’s motion for a new trial requires verification in the form of an affidavit. However, an allegation of ineffective assistance of counsel supported by evidence in the record is sufficient to entitle a defendant to a new trial. Hill v. State, 675 So.2d 484 (Ala.Crim.App.1995).
In his motion for a new trial, Jones alleged the following:
“7. Defendant’s plea of guilty was the result of ineffective assistance of counsel for each of the following reasons, separately and severally:
[[Image here]]
“b.) Counsel negotiated a plea contingent on Defendant providing future cooperation as determined solely by the prosecution and its agents rendering Defendant’s plea and sentence to be determined solely by the prosecutor or law enforcement agents.”
(Supp. R. 13.)
Evidence supporting this specific allegation of ineffective assistance of counsel is found in the record. The terms of the plea agreement itself support a claim of ineffectiveness of the plea. (R. 1, 5-6.) The terms of the plea agreement called for Jones to plead guilty to the possession count and to both distribution counts. Then, if after 30 days after he entered his guilty plea, police investigators were satisfied with Jones’s cooperation, he would be allowed to withdraw his pleas to the *868 distribution counts and would receive a reduced sentence for the possession offense. (R. 6.) When he entered his pleas, defense counsel and the prosecutor discussed whether there was a need to set out specific parameters in the agreement, but decided that they felt comfortable “leaving it up to the discretion of Officer Mason and Officer Blackwell.” (R. 6.)
The case at hand is analogous to Hill v. State, supra, and that ease is dispositive as to this issue. In that case, Hill was allegedly induced to make a statement by promises of a reduced bond. Hill’s attorney did not object to the introduction of that statement into evidence. On appeal, Hill claimed that he was denied a hearing on his motion for a new trial based on his allegation of ineffective assistance of counsel. This court held that Hill was entitled to a hearing on the allegation of ineffective assistance of counsel because it was supported by evidence that, if true, would entitle Hill to a new trial.
Under Hill, supra, Jones is entitled to an evidentiary hearing on this claim. Therefore, Jones’s case must be remanded to the Mobile County Circuit Court for an appropriate evidentiary hearing to determine whether counsel’s negotiation of a plea bargain agreement that permitted the prosecution and its agents to be the sole determinants of whether Jones “cooperated” for purposes of that agreement amounted to ineffective assistance of counsel.
Jones additionally contends that he received ineffective assistance of counsel because, he says, his defense counsel did not appear at sentencing but sent an associate in his law firm who, Jones says, was unfamiliar with Jones’s case to stand in for him. Thus, Jones maintains, he was forced to argue his own case and to file his own motion to withdraw his guilty plea. (R. 8-11.) This issue was preserved. Jones raised this issue at the September 8,1997, proceeding. (2d Supp. R.2.)
Further, the record supports this claim. Jones’s attorney stated at sentencing “Judge, all I know is that it was set for sentencing today and he was — a condition was that he cooperate.” (R. 9.) He further stated, “But, he has told me this morning that he doesn’t want to plead guilty on the two distribution charges.” (R. 9.) And later in the proceeding, Jones said to his attorney “Ask them, lawyer — the police right there, he’ll tell you.” (R. 11.)
To prevail on a claim of ineffective counsel, Jones must show (1) that his counsel’s performance was deficient and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice, Jones must prove that the outcome of the trial would have been different, but for counsel’s ineffective representation. Twyman v. State, 565 So.2d 1215 (Ala.Crim.App.1990).
Under the holding of Hill, supra, Jones is also entitled to an evidentiary hearing on this claim. Therefore, we must remand Jones’s case to the Mobile Circuit Court for an appropriate evidentiary hearing to determine whether Jones was prejudiced by his attorney’s unfamiliarity with his plea bargain agreement.
For the above-stated reasons, this cause is to be remanded for an evidentiary hearing regarding two assertions of ineffectiveness of trial counsel. Due return shall be made by the trial court of the action taken below, which shall include written findings of fact, conclusions of law, and a transcript of the proceedings. The trial court shall take the necessary action to ensure that the circuit clerk makes said return to this court at the earliest possible time within 70 days of the release of this opinion.
REMANDED FOR EVIDENTIARY HEARING. 
LONG, P.J., and McMILLAN, BROWN, and BASCHAB, JJ., concur.