PETITION FOR WRIT OF CERTIORARI.
Danny Ray Jefferson, having been convicted of a criminal offense, moved for a new trial, alleging that his trial counsel had been ineffective. The trial court denied the motion. The Court of Criminal Appeals, on June 19, 1998, affirmed, by an unpublished memorandum. Jefferson v. State,738 So.2d 945 (Ala.Crim.App. 1998) (table). This Court granted Jefferson's petition for the writ of certiorari.
Jefferson was indicted for conspiracy to traffic in cocaine. He entered into an agreement with the State to plead guilty to the lesser-included offense of unlawful possession of cocaine, in exchange for a recommendation from the State that he be given a sentence of 10 years' imprisonment, with two years to be served in confinement and the balance on probation. However, as it is shown in the record, the substance found in Jefferson's possession was not cocaine, but a noncontrolled substance. Jefferson, represented by his original trial counsel, gave a timely notice of appeal and made a new-trial motion containing a general claim that his counsel was ineffective. The trial court denied Jefferson's motion.
In its unpublished memorandum, the Court of Criminal Appeals, citing Similton v. State, 672 So.2d 1363, 1366 (Ala.Crim.App. 1995), concluded that Jefferson's ineffectiveness claim was not preserved for appellate review because the motion for new trial raised only a general claim that his counsel was ineffective. The motion did not set forth the acts or omissions of counsel alleged not to have been the result of reasonable professional judgment.
Jefferson contends that his counsel was ineffective in failing to investigate whether the substance found in his possession was actually cocaine and in allowing him to enter a plea of guilty to unlawful possession of cocaine when the toxicology report revealed that the substance found in his possession was a noncontrolled substance. He argues that the trial court *Page 408 
erred in denying his motion for a new trial based on the alleged ineffective assistance of counsel, without holding an evidentiary hearing. We agree.
To prevail on a claim of ineffective counsel, Jefferson must show (1) that his counsel's performance was deficient and (2) that he was prejudiced by the deficient performance. Strickland v.Washington, 466 U.S. 668 (1984). Normally, a defendant's motion for a new trial requires verification in the form of an affidavit.Jones v. State, 727 So.2d 866, 867 (Ala.Crim.App. 1998) (citingHill v. State, 675 So.2d 484 (Ala.Crim.App. 1995).
In Similton v. State, supra, the Court of Criminal Appeals held that assertions in an unverified motion are bare allegations and cannot be considered as evidence or proof of the facts alleged. However, in Hill v. State, 675 So.2d 484 (Ala.Crim.App. 1995), the Court of Criminal Appeals modified its holding inSimilton and reversed the trial court's denial of a motion for new trial and remanded the case to the trial court because the allegations of ineffective assistance of counsel were supported by facts contained in the record on appeal. Supporting affidavits or other extrinsic evidence is not necessary where the grounds relied on in the motion for a new trial are shown by the record of the proceedings. Hill v. State, 675 So.2d 484 (Ala.Crim.App. 1995).
Jefferson's claim of ineffective assistance of counsel, contained in his motion for a new trial, is supported by evidence that, if true, would entitle Jefferson to a new trial. The record clearly reflects that on November 26, 1997, the State filed a "Notice of State's Intent to Submit Certificate Analysis in Lieu of Testimony." (R. 15.) Attached to that notice was a certificate of analysis signed and dated October 3, 1997. (R. 16.) The laboratory analysis of the powder found in Jefferson's possession revealed the presence of ephedrine, a noncontrolled substance. However, Jefferson's trial counsel failed to investigate whether the substance found in Jefferson's possession was actually cocaine. It is inconceivable that Jefferson would have pleaded guilty to the charge of possession of cocaine if his counsel had advised him that the substance found was not cocaine.
Where the record on appeal reflects that trial counsel's performance was so deficient as to fall below an objective standard of reasonableness, as the record in the present case does, there is no need for a more specific motion. Therefore, Jefferson's motion for a new trial alleging ineffective assistance of counsel was sufficient to preserve the issue for appellate review.
For the reasons stated, we reverse the Court of Criminal Appeals' judgment affirming the trial court's denial of Jefferson's motion for a new trial. We remand with instructions for the Court of Criminal Appeals to remand this case for an evidentiary hearing on Jefferson's assertion that his trial counsel was ineffective.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Hooper, C.J., and Maddox, Houston, Kennedy, and Johnstone, JJ., concur.
Brown, J., recuses herself.