SHAW, Judge.
V.R. appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his April 2000 convictions for two counts of rape in the first degree and his resulting sentences of 19 years’ imprisonment, which were to be served concurrently. This Court affirmed V.R.’s convictions and sentences on direct appeal in an unpublished memorandum issued on December 15, 2000. See Rogers v. State, (No. CR-99-2106) 820 So.2d 176 (Ala.CrimApp.2000) (table). The Alabama Supreme Court denied certiorari review, and this Court issued a certificate of judgment on April 27, 2001.
V.R. filed the present petition on June 11, 2001, claiming that he had been denied effective assistance of trial counsel because, he said, his trial counsel should have had a reputable physician test V.R. for chlamydia prior to trial and his trial counsel should have called a doctor to testify at trial that V.R. did not have chlamydia. In his petition, V.R. alleged the following: (1) that V.R. was accused of having sexual intercourse with R.F., his ,10-year-old stepdaughter (“the victim”); (2) that during discovery the State advised V.R.’s trial counsel that the victim suffered from the sexually transmitted disease chlamydia; (3) that V.R. advised his trial counsel that he had never had sexual intercourse with the victim and that he did not have the sexually transmitted disease chlamydia; (4) that at trial the State introduced into evidence the victim’s medical records, *196 which showed that she had tested positive for chlamydia; (5) that at trial Dr. Angela Powell testified that the only means by which the victim could have contracted chlamydia was through sexual intercourse and that chlamydia is often asymptomatic; (6) that at trial the victim testified that she had never had sexual intercourse with anyone other than V.R.; (7) that at trial V.R. testified that he had never had sexual intercourse with the victim and that he did not have the sexually transmitted disease chlamydia, but on cross-examination, V.R. was unable to explain how he was sure that he did not have chlamydia since the disease is asymptomatic; (8) that while his direct appeal was pending, V.R.’s appellate counsel directed him to be tested for chlamydia by a reputable physician; and (9) that in August 2000, V.R. tested negative for chlamydia. V.R. attached a copy of the lab report to his petition.
In its response, the State “denie[d] the Petitioner’s allegations and state[d] that Petitioner has only made bare allegations insufficient to support a claim for postcon-viction relief. Rule 32.6(b), Alabama Rules of Criminal Procedure.” (C. 12.) Additionally, the State alleged that V.R. was “precluded from relief by operation of law as these allegations could have been, but were not, raised on appeal. Rule 32.2(a)(5), Alabama Rules Criminal Procedure.” (C. 12.) This matter was scheduled for a September 17, 2001, hearing, and the case action summary shows that on September 18, 2001, the attorneys were given 15 days to submit caselaw as to whether V.R.’s claim was precluded. Relying on Avery v. State, 832 So.2d 664, 666 (Ala.Crim.App.2001), V.R. contended that “[t]he 30-day time limit for filing [a] motion- for new trial had long since passed before appellate counsel was able to discover and document ineffective assistance by trial counsel.” (C. 14.) The State argued the following:
“In the instant case, [V.R.’s appellate counsel] filed an appearance as counsel for [V.R.] on June 12, 2000, the day of sentencing. On that same day, [V.R.] provided an oral notice of appeal. On June 26, 2000, the court reporter filed the exhibits from trial with the circuit clerk’s office. On July 10, 2000, [V.R.] filed a motion for new trial. On August 15, 2000, [the trial court] denied the new trial motion.
“[V.R.’s] Rule 32 petition alleges ineffective assistance of counsel as a result of the trial counsel’s failure to have [V.R.] examined to determine whether he was infected with chlamydia. It is the State’s position that the ineffective-assistance-of-counsel claim could have reasonably been asserted in the motion for new trial. [V.R.] argues that he could not have ascertained this argument since the record on appeal was not certified until September 8, 2000. However, the argument could have reasonably been ascertained by a simple inspection of the trial exhibits that were filed in the clerk’s office on June 26, 2000. As such, the Rule 32 petition is due to be denied.”
(C. 23.) On October 24, 2001, the circuit court denied V.R.’s petition, on the ground “that the issue of ineffective assistance of counsel could reasonably have been presented in the timely filed motion for new trial.” (C. 29.) In its order, the circuit court also stated:
“In the instant case, [V.R.’s appellate] counsel .filed the written notice of appeal on [July 2,] 2000. On the written notice, [V.R.] indicated that one of the anticipated issues on appeal was whether trial counsel was so ineffective that [V.R.] was denied his constitutional right to counsel. On July 10, 2000, [V.R.] filed a *197 motion for new trial in which the ineffective-counsel issue was not raised.”
(C. 28-29.)
Although the circuit court originally scheduled a hearing on V.R.’s petition, it appears from the record that a hearing was never held. No transcript of a hearing is found in the record, and in its order denying the petition, the circuit court does not state that a hearing was held; rather, the circuit court merely states that it “reviewed the record and the pleadings [and] is of the opinion that the Rule 32 petition submitted by V.R.is due to be dismissed.” (C. 28.) In addition, although V.R. initially ordered a transcript, a note in the record from the circuit clerk states, “12-05-01 Call from [V-R-’s counsel]. He said there was no transcript.” (C. 87.)
In Avery, 832 So.2d at 666, this Court stated:
“Under [Ex parte] Ingram[, 675 So.2d 863 (Ala.1996)], the proper method for presenting an ineffective assistance of trial counsel claim that could not reasonably be presented in a motion for a new trial is by filing a Rule 32 petition.
“‘If the appellant was convicted before the Alabama Supreme Court’s decision in Ingram, newly appointed appellate counsel could have presented claims of ineffective assistance of trial counsel in a motion for new trial filed pursuant to Ex parte Jackson, 598 So.2d 895 (Ala.1992). Those same claims of ineffective assistance of trial counsel could have then been presented on direct appeal. Accordingly, if the appellant was convicted before the decision in Ingram, and the appellant was, in fact, represented by separate appellate counsel, then the allegations of ineffective assistance of trial counsel presented in the Rule 32 petition are precluded from review, because the claims could have been, but were not, raised at trial and on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. If, however, the appellant was convicted after Ingram, the appellant is not necessarily precluded from raising allegations of ineffective assistance of trial counsel in a Rule 32 petition. If the appellant can establish that appellate counsel could not have reasonably asserted all the allegations of ineffective assistance of trial counsel in a timely filed motion for new trial — thereby preserving the claims for review on direct appeal — then the appellant is not precluded from raising ineffective assistance of trial counsel claims in a Rule 32 petition.’
“Andersch v. State, 716 So.2d 242, 245 (Ala.Crim.App.1997).”
(Emphasis added.) In the present case, V.R. was convicted in April 2000 and was sentenced on June 12, 2000. V.R.’s newly appointed appellate counsel filed a motion for a new trial on July 10, 2000. Neither the trial transcript nor the results of V.R.’s medical examination were available until after the expiration of the 30-day period in which to file a motion for a new trial. In its appellate brief, the State argues:
“Any delay in receiving the record did not impact [V.R.’s] ability to pursue his ineffectiveness claim [in a motion for a new trial and on direct appeal]. The facts related the counsel’s ineffectiveness — the absence of a medical examination and failure to call an expert witness — were uniquely known to [V.R.] and existed independent of the trial transcript.”
(State’s brief at p. 7-8.) However, without the trial transcript, V.R.’s appellate counsel could not have known specific details from the trial, such as: (1) that Dr. Angela Powell testified that the victim had chlamydia, a sexually transmitted disease that *198 is often asymptomatic and that the only means by which the victim could have contracted chlamydia was through sexual intercourse; (2) that the victim testified that she had never had sexual intercourse with anyone other than V.R.; and (3) that V.R.’s statement that he did not have chlamydia was rendered self-serving and meaningless when he was asked on cross-examination how he knew he did not have a disease that was asymptomatic. While it is true that V.R.’s newly appointed appellate counsel could have made a general allegation of ineffective assistance of trial counsel in V.R.’s motion for a new trial, it would appear that V.R.’s appellate counsel needed the trial transcript and the results of V.R.’s medical examination to be able to provide specific details to support an ineffective-assistance-of-trial-counsel claim.
Therefore, V.R.’s claim of ineffective assistance of trial counsel is not precluded by Rule 32.2(a)(3) and (5). In addition, V.R. pleaded sufficient facts that, if true, would entitle him to relief. We recognize that the fact that V.R. did not have chlamydia does not prove that he did not commit this crime. However, such evidence would have called into question the credibility of the victim—the victim testified at trial that she had never had sexual intercourse with anyone but V.R. and expert testimony showed that the only means by which the victim could have contracted chlamydia was through sexual intercourse—and would have bolstered the credibility of V.R.—whose credibility was attacked on cross-examination when he was unable to explain how he was sure that he did not have chlamydia since it was an asymptomatic disease. Therefore, a determination whether the failure to present this evidence constituted deficient performance and whether it prejudiced V.R.’s defense is required under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Accordingly, we must remand this cause to the circuit court for that court to address the merits of V.R.’s ineffective-assistance-of-trial-counsel claim and to enter specific written findings of fact. As noted above, the record is not entirely clear as to whether the circuit court held a hearing on V.R.’s petition. If the circuit court did conduct a hearing on V.R.’s petition and the circuit court deems that hearing adequate to make a ruling, then the circuit court should issue a new order addressing the merits of V.R.’s claim. If the circuit court did not conduct a hearing on V.R.’s petition, then on remand, the circuit court may either conduct an evidentiary hearing or, alternatively, take evidence in the form of affidavits, written interrogatories, or depositions. Due return shall be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include the circuit court’s written findings, along with a transcript of the evidentiary hearing, if any, or other evidence received by the court.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.