On Rehearing Ex Mero Motu

COBB, Judge.
The unpublished memorandum of January 23, 2004, is withdrawn, and the following is substituted therefor.
On November 19, 2002, Richard Young was convicted of first-degree sexual abuse, a violation of § 13A-6-66(a)(3), Ala.Code 1975. On December 3, 2002, the trial court sentenced him, as a habitual offender, to 45 years in prison. See § 13A-5-9(c)(1), Ala.Code 1975. On December 26, 2002, after the court reporter had filed the trial transcript with the trial court, Young’s appellate counsel[1] filed a motion for a judgment of acquittal or a new trial. After conducting an untimely hearing, the trial court denied the motion on March 17, 2003.[2] This appeal followed.
The victim testified at trial that, while her mother was out taking a walk, Young, her mother’s boyfriend, forced her to engage in intercourse. A subsequent examination by a pediatrician indicated that she had been the victim of “sexual abuse with evidence of vaginal penetration.” (R. 51.)
On appeal, Young argues that his trial counsel rendered ineffective assistance. Young acknowledges that, although he now raises specific claims of ineffective assistance of counsel on appeal, his posttrial motion asserted only a general allega *322 tion of ineffective assistance of counsel.[3] However, he contends, he did not have the benefit of the trial transcript when he filed his motion for a new trial and, therefore, this is the first opportunity he has had to present these specific ineffective-assistance-of-counsel claims.
We note that the case action summary indicates that the trial transcript was filed with the trial court on December 6, 2002, and that Young’s posttrial motion was not filed until nearly three weeks later on December 26, 2002. Young states in his brief that, at the untimely hearing on his posttrial motion, the issue of ineffective assistance of counsel “was preserved for appeal in accordance with Alabama Rules of Criminal Procedure 32.2(d).” (Young’s brief, p. 3.) We note that the hearing was held after the posttrial motion had been denied by operation of law.[4] Nonetheless, the record indicates that Young had the opportunity to present his specific contentions in his posttrial motion. Young’s general contention in his posttrial motion was inadequate. Therefore, his claims of ineffective assistance are not properly before this Court.
However, as this Court noted in a footnote'in V.R. v. State, 852 So.2d 194, 201 (Ala.Crim.App.2002) (opinion on application for rehearing):
“We recognize that in Ex parte Jefferson, 749 So.2d 406 (Ala.1999), the Alabama Supreme Court created an exception to the preservation requirement when a defendant asserts a claim alleging ineffective assistance of counsel. The Court held that a general claim of ■ineffective assistance of counsel may be sufficient to preserve for appellate review a more specific claim of ineffective assistance of counsel ‘[wjhere the record on appeal reflects that trial counsel’s performance was so deficient as to fall below an objective standard of reasonableness.’ 749 So.2d at 408. However, in Montgomery v. State, 781 So.2d 1007 (Ala.Crim.App.2000), this Court recognized that the exception carved out by the Alabama Supreme Court in Jefferson would bé applicable in ‘only a minute number of cases’ — those cases where counsel’s error is ‘so blatant and clear on the face of the record that there [is] no room for interpretation.’ 781 So.2d at 1011. We held in Montgomery that we would ‘not stretch to find ineffective assistance of counsel in cases where the claim has not been addressed by the trial court,’ and that if the record on appeal does not reflect on its face that counsel’s performance wás so deficient as to fall below an objective standard of reasonableness, the preservation exception carved out in Jefferson would not apply. Id.”
852 So.2d at 201 n. 2.
Young contends on appeal that trial counsel failed to discover whether another person had ever been charged with sexually abusing the victim in the case at hand; he does not, however, state that another person had ever been charged with sexually abusing the victim. Although Young claims that trial counsel failed to investigate the possibility that another person had previously been *323 charged with sexually abusing the victim, he does not specify any evidence that would have been found from further investigation. Therefore, we cannot determine from the face of the record, or from the allegations in brief, whether trial counsel’s conduct was indeed deficient or whether the outcome of the trial would have been any different if trial counsel had further investigated before trial. See generally Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The same can be said of Young’s second contention of ineffective assistance of trial counsel. Young contends that “trial counsel had not made a minimal investigation by interviewing either in person or by telephone th[e] deputy” who was dispatched to investigate the report that the victim had been raped by Young,[5] but does not specify the information that would have been garnered or how the outcome of the trial would have been different. Therefore, this contention, too, is insufficient, from the face of the record, to show that trial counsel’s conduct was so deficient as to fall below an objective standard of reasonableness.
Young’s third contention of ineffective assistance is that, had trial counsel further investigated before trial, evidence would have surfaced that would have called into question the veracity of the child victim. Young argues that trial counsel “never subpoenaed ... records [from the East Alabama Mental Health Hospital] that may have had probative value as to the veracity of the prosecutrix.” (Young’s brief, p. 15.) Again, an allegation that the records may have contained relevant information, without anything further on the record, is insufficient to show that trial counsel’s conduct in failing to procure the records was so deficient as to fall below an objective standard of reasonableness.
Young also states as an argument that “trial counsel waived the closing statement without even a request to the jury to consider testimony and evidence given during the trial by all witnesses and a further request to find the defendant not guilty of the charges.” (Young’s brief, p. 8.) “Per our decision in Behel v. State, 405 So.2d 51 (Ala.Cr.App.1981), waiver of closing arguments, without more, does not constitute ineffective assistance of counsel.” Twyman v. State, 565 So.2d 1215, 1223 (Ala.Crim.App.1990). Young does not provide further argument, and he does not explain how he was prejudiced by counsel’s waiving closing argument. With a bare allegation in brief and nothing instructive in the record before us, we cannot say that trial counsel’s decision to waive the closing statement constituted conduct so deficient as to fall below an objective standard of reasonableness.
Therefore, Young’s claims of ineffective assistance of counsel were neither properly preserved for appellate review nor clear on the face of the record on appeal.
For the reasons stated above, the judgment of the trial court is affirmed.
ON REHEARING EX MERO MOTU; UNPUBLISHED MEMORANDUM OF JANUARY 23, 2004, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
McMILLAN, PH., and SHAW and WISE, JJ., concur.
BASCHAB, J., concurs in the result.

. New counsel was appointed to represent Young after his trial counsel moved to withdraw following sentencing.

. This motion was denied by operation of law on February 24, 2003. None of the evidence presented at the hearing is considered in this opinion.

. "[S]uch a general allegation of ineffective assistance of trial counsel in a motion for a new trial is generally not sufficient to preserve for review a more specific claim • of ineffectiveness. See, e.g., M.B. v. State, 641 So.2d 330 (Ala.Crim.App.1994).” V.R. v. State, 852 So.2d 194, 201 (Ala.Crim.App.2002) (opinion on application for rehearing) (footnote omitted).

. We note that there is no transcript of the hearing included in the record before us, as there was in Underwood v. State, 879 So.2d 611 (Ala.Crim.App.2003).

. The evidence adduced at trial revealed that the deputy did not find the victim’s mother's story to be credible and that he left the house without arresting Young.