SHAW, Judge.
Bernard Chaney was convicted of two counts of unlawful distribution of a controlled substance, crack cocaine, violations of § 13A-12-211, Ala.Code 1975. He was sentenced to 10 years’ imprisonment for each conviction, and each sentence was enhanced by an additional 10 years’ imprisonment pursuant to §§ 13A-12-250 *468 and 13A-12-270, Ala.Code 1975, for a total of 20 years’ imprisonment for each conviction. The sentences for each conviction were to run concurrently.
The evidence adduced at trial indicated that on two different occasions on May 23, 2002, Chaney sold crack cocaine to undercover law-enforcement officers with the Baldwin County Drug Task Force. Both transactions were recorded and the tape recordings were played for the jury.
On appeal, Chaney’s appointed counsel has filed a “no-merit” brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel states that, upon review of the record, he can find no meritorious issues upon which to base an appeal. Chaney was afforded an opportunity to present to his counsel and to this Court those issues he believes are meritorious. Chaney retained counsel to file those issues on his behalf, and that counsel has provided this Court with four issues for review.
I.
Chaney argues that the trial court erred in admitting into evidence the cocaine from both transactions because, he says, the State “failed to establish a valid chain of custody showing that the substance tested and determined to be cocaine was the same substance allegedly distributed by him.” (Chaney’s brief at p. 3.)
When the State initially offered into evidence the crack cocaine, Chaney objected to both the cocaine from the first sale, State’s Exhibit 2, and the cocaine from the second sale, State’s Exhibit 5, and the trial court sustained both objections. The State then recalled one of the law-enforcement officers, elicited additional testimony from him, and offered the cocaine into evidence a second time; Chaney again objected and the trial court sustained both objections. After additional testimony from a forensic scientist with the Alabama Department of Forensic Sciences, the State offered the cocaine into evidence a third time. Chaney did not object at this point, and State’s Exhibits 2 and 5 were admitted into evidence.
“ ‘It is familiar law that an adverse ruling below is a prerequisite to appellate review.’ CSX Transp., Inc. v. Day, 613 So.2d 883, 884 (Ala.1993). Where the trial court sustains the defendant’s objection, there is ‘no adverse ruling and nothing is preserved for our review.’ Rice v. State, 611 So.2d 1161, 1164 (Ala.Cr.App.1992).”
Hardeman v. State, 651 So.2d 59, 62 (Ala.Crim.App.1994). Additionally, “[i]n order for this court to review an alleged erroneous admission of evidence, a timely objection must be made to the introduction of the evidence, specific grounds for the objection should be stated and a ruling on the objection must be made by the trial court.” Goodson v. State, 540 So.2d 789, 791 (Ala.Crim.App.1988). “When a timely objection at the time of the admission of the evidence is not made, the issue is not preserved for this Court’s review.” Ziglar v. State, 629 So.2d 43, 47 (Ala.Crim.App.1993). The first two times the State offered the cocaine into evidence the trial court sustained Chaney’s objections, and the third time the State offered the cocaine, Chaney did not object. Therefore, this issue was not preserved for appellate review.[1]
II.
Chaney argues that his trial counsel was ineffective for various reasons. However, the record reflects that Chaney *469 did not raise this claim in the trial court. “ ‘[W]e will not make exception to the rule that a claim for ineffective assistance of counsel may not be considered on appeal if it was not first presented to the trial court.’ ” Brown v. State, 701 So.2d 314, 319-20 (Ala.Crim.App.1997), quoting Ex parte Jackson, 598 So.2d 895, 897 (Ala.1992), overruled on other grounds, Ex parte Ingram, 675 So.2d 863, 865 (Ala.1996). See also Germany v. State, 630 So.2d 132 (Ala.Crim.App.1993). Therefore, this issue is not properly before this Court for review.
m.
Chaney next argues that the trial court abused its discretion in denying his request for treatment as a youthful offender.
“ ‘In determining whether to treat a defendant as a youthful offender, the trial court has nearly absolute discretion. Morgan v. State, 363 So.2d 1013 (Ala.Cr.App.1978); see also, Ex parte. Farrell, 591 So.2d 444, 449-50, n. 3 (Ala.1991). There is no .set method for .considering a motion requesting such treatment. Edwards v. State, 294 Ala. 358, 317 So.2d 512 (1975). However, the Youthful Offender Act, § 15-19-1, Ala. Code 1975, requires that the court conduct a factual investigation into the defendant’s background. Ware v. State, 432 So.2d 555 (Ala.Cr.App.1983). Generally, the trial court considers the nature of the crime charged,1 any prior convictions, the defendant’s age, and any other matters deemed relevant by the court. Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975). Moreover, the trial court need not articulate on the record its reasons for denying the defendant youthful offender status. Garrett v. State, 440 So.2d 1151, 1152-53 (Ala.Cr.App.1983), cert. denied (Ala.1983).
Accord, Goolsby v. State, 492 So.2d 635 (Ala.Cr.App.1986).’ ”
Wigfall v. State, 710 So.2d 931, 934 (Ala.Crim.App.1997), quoting Reese v. State, 677 So.2d 1239, 1240 (Ala.Crim.App.1995).
“[T]he Youthful Offender Act allows the trial court tremendous discretion; after appropriate investigation, in deciding whether to grant the appellant youthful offender status. § 15-19-1, Ala.Code 1975. This court will not overturn the trial court’s decision on such a request absent evidence that the court’s decision was made arbitrarily or without some investigation of the appellant’s background.”
Cauley v. State, 681 So.2d 1105, 1107 (Ala.Crim.App.1996). See also Burks v. State, 600 So.2d 374 (Ala.Crim.App.1991).
Here, the record reflects that the trial court ordered a youthful-offender investigation, received a progress report from an electronic monitoring company, and conducted a hearing to determine whether to grant Chaney’s application for treatment as a youthful offénder. After the hearing, the trial court denied Chaney’s application, noting the following in the case action summary:
“1-10-03 [Chaney] appeared w/ his atty Harry Smith. Y.O. status is denied due to [Chaney’s] age and the seriousness of the offenses and due to [Chaney’s] failure to comply w/ the conditions of bond (electronic monitoring).”
(C. 1.)' The record does not affirmatively show that the decision of the trial court was arbitrary or that it was made without some examination or investigation of Chaney. Therefore, we find no abuse of discretion on the part of the trial court in denying Chaney youthful-offender status.
IV.
Finally, Chaney argues that the State failed to prove that the transactions *470 took place within a three-mile radius of a public housing project owned by a housing authority and that, therefore, his sentence should not have been enhanced under § 13A-12-270. This issue was not properly preserved for review.
At the close of the State’s case, Chaney made the following motion for a judgment of acquittal:
“Defense moves for a directed verdict of acquittal as to Counts 1 and 2, and the State has failed to produce evidence sufficient to show a prima facie case of unlawful distribution of a controlled substance in either case.”
(R. 122.) The trial court denied that motion. The defense then rested and renewed its motion for a judgment of acquittal at the close of all the evidence on the same ground — that motion was also denied. Chaney did not file a motion for a new trial.
In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held that “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” In Poole v. State, 846 So.2d 370 (Ala.Crim.App.2001), this Court held that the holding in Apprendi applied to the sentence enhancements in §§ 13A-12-250 and 13A-12-270 and that, therefore, those enhancements must be submitted to the jury and proven beyond a reasonable doubt. However, the Court also held that an Apprendi violation does not implicate the jurisdiction of the trial court, but is a constitutional issue that can be waived:
“[Constitutional defects must be objected to in the trial court before we may review them on appeal. See Barrett v. State, 705 So.2d 529 (Ala.Crim.App. 1996); Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996); Andersen v. State, 418 So.2d 967 (Ala.Crim.App.1982); Hansen v. State, 598 So.2d 1 (Ala.Crim.App.1991); Cagle v. State, 504 So.2d 1225 (Ala.Crim.App.1987); Crosslin v. State, 540 So.2d 98 (Ala.Crim.App.1988). Therefore, before this Court will review an alleged Apprendi violation, the defendant must object in the trial court.”
846 So.2d at 381. See also Hale v. State, 848 So.2d 224 (Ala.2002).
The question in this case is whether Chaney’s motion for a judgment of acquittal on the ground that the State failed to prove a “prima facie case” was sufficient to preserve for review his argument on appeal that the State failed to prove the sentence enhancement in § 13A-12-270. We hold that it was not.
“In proving a prima facie case in a criminal prosecution, all the State has done is fulfill its duty of proving the elements of the offense so that the jury may be allowed to consider its case.” Eldridge v. State, 415 So.2d 1190, 1194 (AIa.Crim.App.1982). Section 13A-12-211(a), Ala.Code 1975, provides:
“(a) A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he or she sells, furnishes, gives away, delivers, or distributes a controlled substance enumerated in Schedules I through V.”
As this Court noted in Poole:
“The Alabama Legislature did not intend to create new offenses, distinct and separate from § 13A-12-211, when it enacted §§ 13A-12-250 and 13A-12-270; it intended instead to provide harsher penalties, i.e., each statute is prefaced with the following language, ‘In addition to any penalties heretofore or hereafter provided by law for any person convict *471 ed of an unlawful sale of a controlled substance... .’ We have stated that the intent was to make a drug-free zone around schools and housing projects. Qualls v. State, 555 So.2d 1158 (Ala.Crim.App.1989).
[[Image here]]
“Our Legislature has defined the offense of distributing a controlled substance [in § 13A-12-211] — that definition does not include the location of the crime. However, under Apprendi [v. New Jersey, 530 U.S. 466 (2000)], because this fact may result in the increase of Poole’s sentence above the statutory maximum, this fact must be presented to the jury and proven beyond a reasonable doubt. The location of the crime is relevant only to the sentence Poole may receive and not to whether, in fact, Poole committed the offense of distributing a controlled substance as charged in the indictment. 530 U.S. at 484, 120 S.Ct. 2348.”
846 So.2d at 386.
Although the sentence enhancement in § 13A-12-270 must be proven to a jury beyond a reasonable doubt before it can be applied, it is not an essential element of the crime of unlawful distribution of a controlled substance. Therefore, Chaney’s motion for a judgment of acquittal on the ground that the State failed to prove a prima facie case, i.e., that the State failed to fulfill its duty of proving the elements of the crime, was not sufficient to preserve this issue for review. This conclusion is consistent with the general rule that a challenge to the State’s alleged failure to prove a prima facie case does not preserve for review a challenge to the State’s alleged failure to prove venue. See, e.g., Crowell v. State, 389 So.2d 545, 548 (Ala.Crim.App.1980) (“The question of venue cannot be raised for the first time on appeal. In his motion to exclude the appellant only raised the sufficiency of the evidence to make out a prima facie case. The question of venue was not a ground of the motion to exclude.”).
■ We hold that a specific objection to the alleged failure to prove the sentence enhancements in §§ 13A-12-250 and 13A-12-270 is required in order for this Court to review the issue; a challenge to the State’s alleged failure to prove a “prima facie case” is not sufficient. Therefore, Chaney’s claim that the State failed to prove that the transactions took place within a three-mile radius of a public housing project was not properly preserved for review.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
McMILLAN, P.J., and COBB and WISE, JJ., concur.
BASCHAB, J., recuses herself.

. We note that Chaney concedes in his brief that this issue was not preserved.