In affirming the circuit court's order granting Gregory Clay Hamlet's Rule 32, Ala.R.Crim.P., petition for postconviction relief, on the ground of ineffective assistance of counsel, the majority states:
 "[A]lthough Hamlett attempted to raise a claim of ineffective assistance of counsel in his pro se motion for a new trial, given [trial counsel's] continued representation of Hamlet through the hearing on the new-trial motion, the first time such a claim could reasonably be raised was in a Rule 32 petition. Therefore, Hamlet's ineffective-assistance-of-counsel claim was not procedurally barred. This Court has recognized the need for flexibility in considering claims such as the one presented here. See V.R. v. State, 852 So.2d 194 (Ala.Crim.App. 2002). Indeed, it would not be reasonable to expect retained defense counsel to argue his own ineffectiveness as a basis for his client's obtaining a new trial. See Besselaar v. State, 600 So.2d 978 (Ala. 1992)."
(Footnote omitted.) Hamlet did not merely "attempt" to raise a claim of ineffective assistance of trial counsel in his motion for a new trial; he actually raised such a claim.
In V.R. v. State, 852 So.2d 194 (Ala.Crim.App. 2002), which I authored, this Court unanimously held that "a defendant is not precluded by Rule 32.2(a)(3) and (5) from raising an ineffective-assistance-of-trial-counsel claim for the first time in a Rule 32 petition if the trial transcript was not prepared in time for appellate counsel to have reviewed the transcript to ascertain whether such a claim was viable and to present the claim in a timely filed motion for a new trial,"852 So.2d at 202, and we rejected the State's argument "that defendants . . . must make a general allegation of ineffective assistance of counsel in a motion for a new trial, have the proceedings on the motion continued under Rule 24.4, Ala.R.Crim.P., until the trial transcript is prepared and/or other evidence is obtained in support of the ineffective-assistance allegation, and then amend the motion to include specific claims of ineffective assistance of counsel." 852 So.2d at 200. In rejecting the State's argument, this Court noted, albeit in dicta, several pitfalls associated with the procedure advocated by the State; in particular, this Court noted:
 "If a defendant follows the procedure suggested by the State and files a motion for a new trial with nothing more than a general allegation of ineffective *Page 501 
assistance of trial counsel and the prosecutor refuses to consent to extend the time, or the trial court denies the defendant's request to extend the time, then the defendant has raised a general claim of ineffective assistance of counsel that a trial court would clearly be justified in denying without a hearing because the burden is on the defendant alleging ineffective assistance of counsel to `identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.' Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, such a general allegation of ineffective assistance of trial counsel in a motion for a new trial is generally not sufficient to preserve for review a more specific claim of ineffectiveness. See, e.g., M.B. v. State, 641 So.2d 330 (Ala.Crim.App. 1994). Thus, the defendant would, in most cases, not be able to pursue more specific claims on appeal.
 "Even more problematic, however, is that because the defendant challenged his trial counsel's effectiveness at trial, he or she would be barred by Rule 32.2(a)(2) from raising that issue in a Rule 32 petition. The only way to avoid this outcome would be for a defendant who is unsuccessful in obtaining an extension of time under Rule 24.4 to file a motion requesting, in effect, to withdraw the ineffective-assistance-of-counsel claim from the motion for a new trial. This would require additional action on the part of a defendant and his or her appellate counsel in order to preserve the right to seek postconviction relief under Rule 32."
852 So.2d at 201-02 (emphasis added; footnote omitted).
V.R. stands for the proposition that challenging trial counsel's effectiveness in a motion for a new trial is not reasonable if newly appointed appellate counsel does not have the benefit of the trial transcript; it does not stand for the proposition that once trial counsel's effectiveness is challenged in a motion for a new trial, even if done so unreasonably, that claim may be raised again in a Rule 32 petition. I agree with the majority that it was not reasonable, under the circumstances in this case, for Hamlet to challenge trial counsel's effectiveness in a motion for a new trial, and I also agree that it was not reasonable to expect trial counsel to argue his own ineffectiveness at the hearing on the motion for a new trial. However, reasonable or not, Hamlet challenged his trial counsel's effectiveness in his pro se motion for a new trial; although trial counsel did not present argument or evidence in support of the claim at the hearing on the motion for a new trial, the claim was not expressly abandoned or withdrawn; and the trial court denied Hamlet's motion. Thus, Hamlet is now barred by Rule 32.2(a)(2) from raising the claim again.
I would reverse the circuit court's order granting Hamlet's petition; therefore, I respectfully dissent.