SHAW, Judge,
concurring in the result in part and dissenting in part.
It does not appear to me that Pamela McCary has appealed that part of the trial court’s order denying her petition for relief under Rule 32, Ala.R.Crim.P., based on allegations of ineffective assistance of counsel. To the contrary, I note that the notice of appeal filed by McCary on June 9, 2004, specifically states that she “appeals ... from the judgment of conviction entered in this case on the 9th day of April, 2003, adjudging the defendant to be guilty of the offense of possession of controlled substance, possession [of] marijuana and as punishment thereof sentencing the defendant as follows: Ten years, split two to serve.” (C. 12.) Furthermore, on page 2 of her initial brief on appeal, McCary states that “[t]his appeal is the direct appeal from the judgment, April 9, 2003, and sentence rendered May 19, 2003.” On page 18 of her brief, she argues that “her case regarding ineffective assistance of counsel should be reviewed on direct appeal.” In addition, McCary argued on page 8 of her reply brief that “[i]t just makes sense that where ineffective assistance of counsel is obvious from the face of the record on direct appeal that the matter gets resolved on direct appeal.”
McCary’s ineffective-assistance-of-counsel claim was properly raised in her Rule 32 petition and was subject to appellate review if she had appealed the Rule 32 order. See Rule 32.2(d), Ala. R.Crim. P., and V.R. v. State, 852 So.2d 194 (Ala.Crim.App.2002). However, based on what seems to be a misunderstanding of Rule 32 and Ex parte Jefferson, 749 So.2d 406 (Ala.1999), McCary apparently abandoned her right to appeal the trial court’s denial of her request for Rule 32 relief based on ineffective assistance of counsel and, instead, elected to raise her ineffective-assistance claim on the out-of-time direct ap *1117 peal. Although she concedes in her brief that her new-trial motion did not raise a claim of ineffective assistance of counsel, she nonetheless relies on Ex parte Jefferson in arguing, erroneously, that, as a necessary predicate to properly preserving her ineffective-assistance claim for appellate review, she was relieved of her burden to make even a general allegation of ineffective assistance in her new-trial motion. See, e.g., Montgomery v. State, 781 So.2d 1007, 1010-11 (Ala.Crim.App.2000) (noting that “[t]he Jefferson court stated thát a general allegation of ineffective assistance of counsel raised in a motion for a new trial is ‘sufficient to preserve the issue for appellate review’ ... ‘[w]here the record on appeal reflects that trial counsel’s performance was so deficient as to fall below an objective standard of reasonableness’ ”). Although she could have raised her ineffective-assistance-of-counsel claim on appeal from that part of the' trial court’s order denying her Rule • 32 petition, McCary apparently concluded, again erroneously, that she was required, under Rule 32.2(d) to raise the claim on direct appeal. This is apparent from the following statement on pages 22-23 of her appellate brief:
“Present counsel was appointed to move for the out of time appeal and did not have a transcript available with which to assess competency of trial counsel. Under Ala.R.Crim.P. 32.2, ineffective assistance of counsel must be raised now, on direct appeal as the first opportunity to present the issue. Rule 32.2(d) states in part that ‘any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable.’ ”
(Emphasis added.) In the absence of a proper appeal of the trial court’s order denying her Rule 32 ineffective-assistance-of-counsel claim, this Court has no jurisdiction to review the trial court’s order denying McCary relief under Rule 32.
For these reasons, and after carefully reviewing the record and briefs, I dissent from that portion of the unpublished memorandum treating this as an appeal from the denial of the Rule 32 ineffective-assistance claim. With respect to the remaining issues addressed on the direct appeal of the conviction, I concur in the result.