Eric Jones appeals from the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition challenges his August 23, 1996, convictions and sentences for reckless endangerment, resisting arrest, and robbery in the first degree. On September 25, 1996, Jones was sentenced respectively as follows for each conviction: one year's imprisonment and a $1000 fine; six months' imprisonment and a $500 fine; and life imprisonment without parole and a $2000 fine. On direct appeal, Jones's appointed appellate counsel filed a "no merit" brief pursuant to Anders v. California, 386 U.S. 738
(1967), in which counsel asserted that there were no preserved issues that warranted reversal on direct appeal. Jones was afforded the opportunity to file, pro se, points and issues with the appellate court, but he did not do so. This Court affirmed Jones's direct appeal, by an unpublished memorandum, concluding that "we must agree with Jones's counsel that there are no preserved issues that warrant reversal on direct appeal."[1] Jones v. State, 725 So.2d 1082 (Ala.Crim.App. 1997) (table). The certificate of judgment was issued on September 23, 1997. On September 9, 1999, Jones filed this Rule 32 petition.
In his petition, Jones made the following claims:
 1. That appellate counsel was ineffective because, he says, counsel failed to raise on direct appeal the following issues, which were preserved by trial counsel at trial:
 a. Trial counsel objected at trial to the trial court's refusal to charge the jury on the lesser offense of robbery in the third degree. Jones cites to evidence in the record on direct appeal indicating that he was not armed at the time of the offense and that there was no physical injury to the victim at the time of the theft.
 b. Trial counsel objected at trial to the trial court's refusal to charge the jury on self-defense as a defense to the resisting-arrest charge. Jones cites evidence in the record supporting such a charge. In particular, he states that the arresting officer stated that he never told Jones that Jones *Page 1069 
 was under arrest. Jones states that when the officer grabbed him, Jones told the officer to "turn him loose." C.R. 33.
 2. Trial counsel was ineffective for failing to object the trial court's failure to swear the jury venire before voir dire.
 3. Trial counsel was ineffective for failing to file a motion to suppress or to object at trial to the admission of the statement Jones gave police and to the admission of evidence seized pursuant to what he says was an unlawful stop and arrest. This claim concerns the arrest warrant which Jones alleges is defective because it did not comply with §§ 15-9-30, -31, -33, and -35. According to Jones, had counsel objected the following would have been suppressed: a) the gun alleged to have been in Jones's possession; b) the police officer's weapon taken by Jones; and c) the statement given to the police by Jones.
 4. Trial counsel was ineffective for failing to object during trial to testimony stating that, at the time of the offenses charged here, Jones was on parole for another offense. He argues that this was evidence of another offense and was therefore not admissible.
 5. Trial counsel was ineffective for failing to object to the prosecutor's offering Jones's fugitive warrant at trial because it reflected that Jones has committed other felonies.
 6. Trial counsel was ineffective for failing to tell Jones that the prosecution had offered him a second plea agreement, different from the first one, which Jones had rejected. He asserts that he did not receive this information until "trial counsel mailed him all his records on or about January 3, 1997." C.R. 78.
 7. Appellate counsel was ineffective for not raising as an issue on appeal whether certain evidence should not have been admitted. C.R. 84.
The State filed no response to Jones's petition. The circuit court entered the following order, denying the claims presented in the petition:
 "The Court having considered the petition finds that no material issue of fact or law exists which would entitle the Petitioner to relief and that no further purpose would be served by further proceedings; therefore, accordingly, the petition is dismissed."
C.R. 5, 103, 110.
On appeal Jones contends the following:
 1. That the circuit court erred in denying his petition without requiring a response from the State.
 2. That the trial court should have held an evidentiary hearing on his claims of ineffective assistance of trial and appellate counsel.
 3. That he was denied effective assistance of counsel on direct appeal because appellate counsel failed to raise several issues that had been preserved by trial counsel. He reasserts his claims that the jury should have been instructed on robbery in the third degree and on self-defense.
 4. That trial counsel was ineffective for failing to object to the trial court's failure to give the jury venire an oath prior to voir dire.
 5. That trial counsel was ineffective for failing to object to testimony by a State witness about Jones's being on parole at the time he committed the offenses for which he was on trial.
 6. That trial counsel was ineffective for failing to object to the introduction at the suppression hearing and at trial of a fugitive warrant showing Jones's prior felony offenses. *Page 1070 
 7. That the trial court did not have jurisdiction over Jones because "in this case, there was no probable cause determination before the issuance of the arrest warrant. In other words, there was no arrest." Appellant's brief at page 29. Jones claims that he was not brought before the District Court of Baldwin County pursuant to a valid indictment or warrant, or a properly issued arrest warrant. Appellant's brief at page 27.
 8. That trial counsel was ineffective for failing to inform Jones of the State's second plea offer. Jones asserts that he did not receive this information until trial counsel mailed him all his records on or about January 3, 1997. He also argues that if he had seen the plea form he would have known that the prosecution intended to enhance his sentence under the Habitual Felony Offender Act to life imprisonment without parole if he rejected the plea offer.
In its brief on appeal, the State contends that the circuit court correctly ruled that there were no issues of fact or law that would entitle Jones to relief. The State argues that Jones's claims alleging ineffective assistance of appellate counsel are procedurally barred because, it says, they were reviewed on direct appeal. The State contends that even though an Anders brief was filed by appellate counsel,
 "this Court reviewed the record and agreed with appellate counsel that there were no preserved issues that warranted reversal on direct appeal. . . . Because appellate counsel is alleged to have been ineffective for not raising the issues that were preserved at trial, and because this Court reviewed the preserved issues and found that none warranted reversal, these issues are also without merit because appellate counsel's actions in filing a no-merit brief did not result in any prejudice to Jones."
State's brief at page 6.
We note that the procedures to be followed on direct appeal when appellate counsel finds that an appeal would be frivolous are set forth inAnders v. California, 386 U.S. 738 (1967):
 "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief reference to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."
386 U.S. at 744 (emphasis added).
 I.
Jones claims that the summary dismissal of his Rule 32 petition was improper because the State did not file a response. The circuit court may summarily dispose of a Rule 32 petition without benefit of a response from the State. "`Where a simple reading of the petition for post-conviction relief shows that, assuming every *Page 1071 
allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.'" Tatum v.State, 607 So.2d 383, 384 (Ala.Crim.App. 1992).
 II.
Jones's claims of ineffective assistance as to appellate counsel are procedurally precluded for the following reasons. Pursuant to Anders, upon receipt of appellate counsel's no-merit brief, this Court gave Jones the opportunity to raise any points or issues that he chose to raise on appeal. Jones did not present this court with any potential issues.
 "Because the Anders procedure gave [appellant] the opportunity to make any argument that he believed his attorney should have raised, he cannot now seek relief by alleging ineffective assistance. Such allegations cannot be used to obtain additional appeals of issues that could have been raised on direct appeal."
Johnson v. Moore, 744 So.2d 1042, 1043 (Fla.Dist.Ct.App. 1999) (habeas corpus petitioner).
Having had the opportunity to present all his claims on direct appeal, Jones cannot now claim that his appellate counsel (i.e., himself) was ineffective. Thus, the claims Jones now asserts as ineffective assistance of appellate counsel could have been raised on direct appeal but were not; thus, they are precluded by Rule 32.2(a)(5), Ala.R.Crim.P. Rule 32 is no substitute for direct appeal. Siebert v. State,778 So.2d 842, 850 (Ala.Crim.App. 1999).
Moreover, to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. Strickland v.Washington, 466 U.S. 668 (1984). The standards for determining whether appellate counsel was ineffective are the same as those for determining whether trial counsel was ineffective. Ex parte Dunn, 514 So.2d 1300,1303 (Ala. 1987).
Pursuant to Anders, this Court has examined all of the proceedings and has found no issue of merit regarding trial counsel's performance. Therefore, these claims are precluded by Rule 32.2(a)(4), Ala.R.Crim.P., as claims that were addressed on appeal. Additionally, because ineffective-assistance-of-trial counsel claims were not preserved for appellate review, Jones's appellate counsel is not ineffective for not challenging trial counsel's performance. Alderman v. State, 647 So.2d 28,31 (Ala.Crim.App. 1994). Counsel cannot be ineffective for failing to raise an meritless issue. See Patrick v. State, 680 So.2d 959, 963
(Ala.Crim.App. 1996); Hope v. State, 521 So.2d 1383, 1386 (Ala.Crim.App. 1988). Thus, Jones has not met the requirements set forth in Strickland
to establish that appellate counsel was ineffective.
 III.
Jones's claims of ineffective assistance of trial counsel are not precluded for the following reason. It appears from the record that appellate counsel was appointed after a motion for a new trial was filed. Thus, the instant Rule 32 proceeding is Jones's first opportunity to raise his ineffective-assistance-of-trial-counsel claim. "When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala.R.Crim.P., the proper method for presenting that claim for appellate review is to file a Rule 32, *Page 1072 
Ala.R.Crim.P., petition for post-conviction relief." Ex parte Ingram,675 So.2d 863 (Ala. 1996). Such is the case here.
Jones presented specific allegations of ineffective assistance of trial counsel that, if true, warrant an evidentiary hearing. Ex parteBoatwright, 471 So.2d 1257, 1258 (Ala. 1985). We note with particular concern the assertion that trial counsel failed to inform Jones of the State's second plea offer.
We remand this case to the trial court with directions that it make specific findings as to the allegations of ineffective assistance of counsel raised in Jones's petition. The trial court may dispose of those claims through any of the methods set out in Rule 32.9(a), Ala.R.Crim.P. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to this court at the earliest possible time and no later than 70 days from the date of this opinion. The return to remand shall include the trial court's written findings along with a transcript of the evidentiary hearing, if any, and other evidence taken by the court.
REMANDED WITH INSTRUCTIONS.
Long, P.J., and McMillan and Fry, JJ., concur; Baschab, J., recuses herself.
[1] The Court of Criminal Appeals can take judicial notice of its own records. Ex parte Salter, 520 So.2d 213, 216 (Ala.Crim.App. 1987).