McMILLAN, Presiding Judge.
On May 8, 1989, the appellant, Jeffery Powell Kirby, was convicted in the Chambers Circuit Court of first-degree sodomy. He was sentenced to 15 years’ imprisonment.
On January 18, 2001, the appellant filed a petition for a writ of habeas corpus, challenging the Department’s of Correction’s calculation of his expiration of sentence (“EOS”) date. The appellant alleges that he was sentenced for the first-degree sodomy conviction on May 22, 1989; he argues that his EOS date, therefore, is May 22, 2004. He attached to his petition a copy of the case action summary sheet that contains the sentencing order; that order is dated May 22, 1989. He also attached a copy of a letter he wrote to the Chambers County Circuit Clerk. On the letter is a handwritten note, allegedly from the circuit clerk, which reads: “My records indicate that you were convicted on 5-8-89. 15 years ... would be in 2004.”[1]
The Department of Corrections moved to dismiss the petition, arguing that the appellant’s EOS date was properly calculated. The Department attached to its motion the affidavit of Betty Teague, correctional records director, and an inmate summary. Both documents indicate that the appellant was sentenced for the sodomy conviction on February 6, 1990, that he received three days of jail credit toward this sentence, and that his EOS date is *868 February 2, 2005. The trial court dismissed the appellant’s petition.
On April 21, 2000, this Court affirmed, by an unpublished memorandum, a Rule 32, Ala.R.Crim.P., petition filed by the appellant. See Kirby v. State, 810 So.2d 814 (Ala.Crim.App.2000). The memorandum reflects that the appellant’s sentencing date for this conviction was May 22, 1989. Moreover, the memorandum reflects that the appellant filed a direct appeal from this conviction. See Kirby v. State, 581 So.2d 1136 (Ala.Crim.App.1990). This Court may take judicial notice of its own records. Jones v. State, 816 So.2d 1067 n. 1 (Ala.Crim.App.2000), citing Ex parte Salter, 520 So.2d 213 (Ala.Crim.App.1987). The record on direct appeal indicates that the appellant was sentenced on May 22, 1989, to 15 years’ imprisonment. The appellant’s claim that his EOS date has been incorrectly calculated appears to be correct.
If however, although the appellant was sentenced approximately eight months pri- or to the Department of Corrections’ noted date of February 6, 1990, the February date was, in fact, when the appellant was incarcerated for this conviction, the appellant’s EOS date is correct as shown in the Department’s records.
Because the date of commencement of service of sentence is unclear, we remand this matter to the Elmore Circuit Court for a hearing to determine the correct EOS date. If the trial court determines that the appellant’s claim is correct, the Department of Corrections is to correct its records, including the inmate summary sheet, to reflect the appellant’s proper EOS date. Due return shall be made to this Court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. Attachments to briefs are not considered a part of the record on appeal. Chandler v. State, 677 So.2d 1286, 1287 (Ala.Crim.App.1996).