WISE, Judge.
The appellant, O.T., appeals from the Montgomery Circuit Court’s revocation of his probation. The record reveals that the appellant was charged with two counts of first-degree burglary, a violation of § 13A-7-5, Ala.Code 1975, and two counts of first-degree theft of property, a violation of § 13A-8-3, Ala.Code 1975.[1] The trial court granted the appellant’s request for youthful-offender status pursuant to § 15-19-1, Ala.Code 1975. Thereafter, on December 14, 1999, the appellant pleaded guilty to, and was adjudicated guilty of, one count of first-degree burglary, one count of first-degree theft, and one count of first-degree receiving stolen property. On January 21, 2000, the circuit court sentenced the appellant to three years’ imprisonment, on each conviction, the sentences to run concurrently. The circuit court then suspended the sentences, and placed the appellant, on three years of Level II supervised probation. The court also ordered the appellant to pay court costs, attorney fees, a $150 assessment to the Crime Victims Compensation Fund, and a total of $5,299.01 in restitution.[2]
The appellant’s probation officer filed a delinquency report, alleging that the appellant had failed to report and had failed to pay court-ordered moneys and supervision fees. On September 14, 2000, the court entered an order declaring the appellant delinquent. After the appellant was located and arrested, the court scheduled a probation-revocation hearing for April 13, 2001. Following the revocation hearing, the court set aside its previous delinquency finding and placed the appellant on Level I supervised probation[3] for six months. Despite being given a second chance, the appellant failed to comply with the conditions of probation. On May 4, 2001, the circuit court again declared the appellant delinquent, and it ordered that he be arrested and brought before the court to show cause why his probation should not be revoked.
On September 28, 2001, the circuit court conducted a probation-revocation hearing. During the hearing, the appellant’s probation officer testified that the appellant had failed to report regularly and that he had failed to pay court costs and supervision fees, as required by the terms and conditions of his probation. The probation officer further testified that after the appellant was given a second .chance, he again failed to report as required. Additionally, the officer testified, the appellant failed to obtain the type of telephone line necessary to enable the State to monitor him electronically. At the conclusion of the hearing, the circuit court revoked the appellant’s probation. The revocation order was entered on the case action summary *329 and stated: “Probation revoked for failure to report.” (C. 3.) This appeal followed.
The appellant’s appointed counsel filed a brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel stated that his review of the record revealed that no error had occurred in the circuit court’s revocation of the appellant’s probation.
This Court issued an order on November 27, 2001, informing the appellant that his counsel had filed an Anders brief and ordering him to file with the Court any issues he believed to be worthy of appellate review. Thereafter, the appellant, acting pro se, filed a letter brief, requesting that his probation be reinstated because, he said, he had not been given sufficient time to obtain the type of telephone service necessary for electronic monitoring, a requirement under Level I supervised probation. The appellant also argued that the evidence presented by the State did not justify revoking his probation. He argued that because his violations involved nothing more than the failure to comply with the technical requirements of his probation, rather than the commission of a new criminal offense, he should be given another chance to comply with the terms of probation and to meet the conditions imposed.
In response to the appellant’s pro se brief, appointed counsel filed a supplemental brief, in which he responded to the appellant’s claims. Counsel stated the appellant’s brief did nothing more than reiterate his plea that the circuit court reconsider its decision revoking his probation. Counsel appeared to concede that this claim had not been preserved for appellate review.[4] However, counsel stated:
“After further consideration, counsel for the appellant finds the court’s order revoking the probation is inadequate in that it fails to state the evidence relied upon to warrant the revocation, and upon remand, it is hoped the trial court will reconsider the revocation and place the defendant back on probation.”
On February 4, 2002, the State filed a brief in response to appointed counsel’s supplemental brief. The State agreed that this case should be remanded for the circuit court to enter a written order that complied with the requirements first set out in Armstrong v. State, 294 Ala. 100, 312 So.2d 620, 623 (Ala.1975).
“The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App.1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App.1992). This Court ‘has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation ..., and (2) the requirement that a revocation hearing actually be held.’ Puckett, 680 So.2d at 983.”
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998).
This Court has also held that a defendant can allege for the first time on appeal that the trial court erred in failing to advise him of his right to request an attorney to represent him during probation-revoca *330 tion proceedings. See Law v. State, 778 So.2d 249, 250 (Ala.Crim.App.2000).
After examining the record before us, we conclude that the appellant’s request that we reconsider the revocation of his probation is, in effect, nothing more than a claim that the evidence presented by the State was insufficient to justify the circuit court’s decision to revoke his probation' — -a claim that is being raised for the first time on appeal. Because he did not present this claim below, and because it is not one of the three exceptions that this Court has recognized as claims that can be raised for the first time on appeal, this claim has not been preserved for appellate review.
We agree, however, that this case is due to be remanded for the circuit court to enter an order setting out the evidence relied upon and the reasons for revoking the appellant’s probation, in accordance with the requirements of Rule 27.6(f), Ala. R.CrimP., and Armstrong v. State.
Before probation can be revoked, the circuit court must provide a written order stating the evidence and the reasons relied upon to revoke probation in order to comply with the due-process requirements of Gagnon v. Scarpelli 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Wyatt v. State, 608 So.2d 762 (Ala.1992); Armstrong v. State, supra; Cottle v. State, 826 So.2d 212 (Ala.Crim.App.2001); Stallworth v. State, 690 So.2d 551 (Ala.Crim.App.1997). “These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.” T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App.1994).
In this case, the circuit court’s written order stated merely: “Probation revoked for failure to report.” This was insufficient to comply with the requirements of Rule 27.6(f), Ala.R.Crim.P., and Armstrong v. State. Indeed, even the State acknowledges that because the trial court’s order did not set out the evidence relied upon in revoking the appellant’s probation, remand is necessary.
Based on the foregoing, we remand this cause to the circuit court for that court to enter a new order reflecting the evidence relied upon, as well as the reason or reasons for revoking the appellant’s probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB, J., concur. COBB, J., concurs specially, with opinion. SHAW, J., concurs in the result.

.The appellant was charged in two indictments. The indictment in case no. CC-97-2225, charged the appellant with first-degree burglary and first-degree theft, as did the indictment in case no. CC-98-339. Pursuant to a negotiated plea agreement, the State agreed in case no. CC-98-339 to nolle pros the burglary charge and to amend the theft charge to first-degree receiving stolen property in exchange for the appellant’s guilty plea to one count each of first-degree burglary, first-degree theft, and first-degree receiving stolen property.

. The court ordered the appellant to pay $788 in restitution in case no. CC-97-2226, and $4,511.01 in case no. CC-98-339.

. Level I supervised probation appears to be a more stringent level of probation, requiring the probationer to wear an electronic-monitoring device.

. Counsel noted that although the appellant had filed a motion to reconsider, the circuit court had not ruled on that motion. No motion to reconsider is included in the record, and the case action summary does not indicate that such a motion was filed. All that appears in the record is the appellant’s plea at the conclusion of the revocation hearing that the circuit court reconsider its decision.

 Note from the reporter of decisions: On May 24, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.