On December 2, 1999, Timothy Lee Sunday was convicted of first-degree sexual abuse. The trial court sentenced him, as an habitual felony offender, to life in prison. See § 13A-5-9(c)(1), Ala. Code 1975. Sunday appeals his conviction and sentence, and this Court affirmed in an unpublished memorandum. Sunday v. State, (No. CR-99-1045) 814 So.2d 1015
(Ala.Crim.App. 2000) (table). The certificate of judgment was issued on January 5, 2001. On July 24, 2001, Sunday filed a Rule 32, Ala.R.Crim.P., petition. After the State responded, the circuit court summarily denied the petition on September 26, 2001.
In his petition, Sunday claimed 1) that his trial counsel rendered ineffective assistance by failing to object to and to preserve for appellate review the argument that the prosecutor knowingly elicited perjured testimony from the victim; 2) that his trial counsel rendered ineffective assistance by failing to adequately cross-examine the victim; 3) that the prosecutor committed prosecutorial misconduct during her closing argument; 4) that his trial counsel rendered ineffective assistance by failing to object to the alleged prosecutorial misconduct; 5) that his trial counsel rendered ineffective assistance by failing to object to the trial court's jury instruction on reasonable doubt; 6) that appellate counsel rendered ineffective assistance by failing to present for appellate review the issue whether the search of Sunday's room and the seizure of evidence from the room were illegal; 7) that appellate counsel rendered ineffective assistance by failing to present for appellate review the issue whether the trial court erroneously instructed the jury on forcible compulsion; and 8) that his sentence exceeds the maximum authorized by law because his prior offenses in Oklahoma do not constitute felonies in Alabama.
The circuit court entered an order denying Sunday's petition as precluded, stating, in pertinent part: "The Court is of the opinion that [trial counsel] did an extremely diligent job of representing the Defendant throughout the course of the proceedings. . . . [Appellate counsel] also has the reputation of being diligent in his representation of clients." (C.R. 172-73.)
On appeal, Sunday reasserts the claims from his petition.[1]
"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001).
Rule 32.7(d), Ala.R.Crim.P., provides for the summary disposition of a Rule 32 petition only
 "[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b), Ala.R.Crim.P.], or is precluded [under Rule 32.2, Ala.R.Crim.P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings. . . ."
The record does not support the circuit court's ruling on the merits regarding *Page 169 
ineffective assistance of trial counsel. The circuit court did not provide findings of fact in support of its ruling. However, "[i]f the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. SeeRoberts v. State, 516 So.2d 936 (Ala.Cr.App. 1987)." Reed v. State,748 So.2d 231, 233 (Ala.Crim.App. 1999).
In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. Strickland v.Washington, 466 U.S. 668, 687 (1984). Though Sunday presented lengthy arguments in support of his claims, his pleadings failed to establish that counsel's performance was deficient. His failure to plead facts fulfilling the Strickland requirements regarding his claims of ineffective assistance of trial counsel — claims 1, 2, 4, and 5 — render those claims procedurally precluded under Rule 32.3, Ala.R.Crim.P., because they have not been sufficiently pleaded to indicate that Sunday is entitled to relief.
Claim 3 is precluded because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. Therefore, because this claim was precluded, the circuit court properly summarily denied it.
However, as the State points out, Sunday's claims of ineffective assistance of appellate counsel and of an illegal sentence are facially meritorious. Moreover, this petition represents Sunday's first opportunity to challenge appellate counsel's representation. See Ex parteWalker, 800 So.2d 135, 138 (Ala. 2000) (trial court has no knowledge of counsel's performance on appeal). Therefore, summary disposition of those claims was in error, and we remand this cause to the circuit court. The circuit court is, in its discretion, to hold an evidentiary hearing or to "take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing, . . . or the court may take some evidence by such means and other evidence in an evidentiary hearing." Rule 32.9(a), Ala.R.Crim.P. The circuit court shall also make specific findings of fact relating to each of the ineffective-assistance-of-appellate-counsel claims and to the illegal-sentence claim. Rule 32.9(d), Ala.R.Crim.P. Due return shall be made to this Court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and WISE, J., concur; BASCHAB and SHAW, JJ., concur in the result.
[1] Sunday presents several additional bases for the alleged prosecutorial-misconduct claim. However, because those specific claims were not first raised in the circuit court, they are not properly before this Court for appellate review. Arrington v. State, 716 So.2d 237, 239
(Ala.Crim.App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.").
* Note from the reporter of decisions: On November 15, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On January 7, 2003, that court denied rehearing, without opinion. On March 28, 2003, the Supreme Court denied certiorari review, without opinion (1020562).