SHAW, Judge.
Corwin L. Russell appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his convictions in 2000 for two counts of capital murder. See § 13A-5^0(a)(17), Ala.Code 1975 (“[m]urder committed by or through the *124 use of a deadly weapon while the victim is in a vehicle”), and § 13A-5-40(a)(18), Ala.Code 1975 (“[m]urder committed by or through the use of a deadly weapon fired or otherwise used within or from a vehicle”). Russell was sentenced to life imprisonment without the possibility of parole. This Court affirmed Russell’s convictions and sentence on direct appeal in an unpublished memorandum issued on November 27, 2000. See Russell v. State, (No. CR-99-1835) 820 So.2d 173 (Ala.Crim.App.2000)(table). The Alabama Supreme Court denied certiorari review and a certificate of judgment was issued on March 16, 2001.
Russell, through counsel, filed the present petition on March 8, 2002. On March 15, 2002, Russell, again through counsel, filed an amendment to his petition. In his petition and the amendment thereto, Russell alleged:
(1)That his trial counsel was ineffective for:
(a) making assertions in opening remarks and then failing to present evidence at trial to support those assertions; [1]
(b) preventing him from testifying at trial;
(c) not asking the trial court for jury instructions on lesser-included offenses;
(d) not objecting to a number of allegedly prejudicial questions from and arguments by the prosecutor and allegedly prejudicial answers from witnesses at trial;
(e) not eliciting testimony from a witness that the witness was estranged from Russell’s family to rebut the State’s assertion that the witness was biased in favor of Russell;
(f) not objecting to and/or moving for relief on the ground that a juror was unable to intelligently decide the case because, according to Russell, the juror was sleeping during part of the trial and that that juror distracted at least one other juror;
(g) not raising the issue of the constitutionality of § 13A-5-40(18), Ala. Code 1975; and
(h) not objecting to the trial court’s jury instructions on the intent necessary for capital murder;
(2) That the cumulative effect of his trial counsel’s actions deprived him of a fair trial;
(3) That his appellate counsel was ineffective for not raising the above-listed claims of ineffective assistance of trial counsel in a motion for a new trial so that they would be preserved for review on direct appeal;
(4) That the trial court’s jury instructions on the intent necessary for capital murder were erroneous; and
(5) That he was actually innocent of the charges and the State’s evidence was insufficient to support his convictions.[2]
*125 On April 3, 2002, without requiring a response from the State, the circuit court summarily denied Russell’s petition and entered the following notation on the case action summary: “Petition for R[ule] 32 denied — trial record supports court’s finding that trial counsel performed admirably at all times, court’s charge on complicity was an accurate statement of the law.” (C. 2.)
On appeal, Russell contends that summary denial of his petition was improper and he reargues Claims 1 through 5, as set out above.
Claims 4 and 5, as set out above, are procedurally barred. Claim 4 is barred by Rules 32.2(a)(3) and (a)(5) because it could have been, but was not, raised and addressed at trial and on direct appeal. Claim 5 is barred by Rules 32.2(a)(2) and (a)(4) because it was raised and addressed at trial and on direct appeal.
As for Claims 1 and 2, as set out above — that Russell’s trial counsel was ineffective for various reasons and that the cumulative effect of trial counsel’s alleged errors denied Russell his right to a fair trial — we find that these claims are also barred because they could have been, but were not, raised and addressed at trial and on direct appeal. The record from Russell’s direct appeal is included in the record before us as an exhibit in the Rule 32 proceedings. That record reflects that Russell was sentenced on May 19, 2000, and that Russell’s trial counsel filed a motion for a new trial that same day, which the trial court denied.[3] On May 30, 2000, John Wiley was appointed to represent Russell on appeal, and he filed a notice of appeal on June 2, 2000. On the form entitled “Certificate of Completion [and] Transmittal of Record on Appeal by Trial Clerk,” the trial court clerk certified that Wiley was served with a copy of the transcript of Russell’s trial on June 8, 2000, the 20th day after Russell’s sentencing hearing.[4]
Rule 24.1(b), Ala.R.Crim.P., provides that a motion for a new trial must be filed “no later than thirty (30) days after sentence is pronounced.” In Ex parte Ingram, 675 So.2d 863 (Ala.1996), the Alabama Supreme Court held:
‘When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala.R.Crim.P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala.R.Crim.P., petition for post-conviction relief.”
675 So.2d at 866.[5] In V.R. v. State, 852 So.2d 194 (Ala.Crim.App.2002)(opinion on rehearing), this Court stated:
“[A] defendant is not precluded by Rules 32.2(a)(3) and (5) from raising an ineffective-assistance-of-trial-counsel claim for the first time in a Rule 32 petition if the trial transcript was not prepared in time for appellate counsel to have reviewed the transcript to ascertain whether such a claim was viable and *126 to present the claim in a timely -filed motion for a new trial. It is neither reasonable nor practical to expect newly appointed appellate counsel to raise an ineffective-assistance-of-trial-counsel claim without the benefit of a trial transcript to document and support a defendant’s allegations as to what occurred during trial.”
852 So.2d at 202-03.
In this case, the trial transcript was prepared in time for Russell’s appellate counsel to have reviewed it and to have presented any claims of ineffective assistance of trial counsel he deemed viable in a timely filed motion for a new trial. The transcript was completed and available to Wiley on the 20th day after Russell was sentenced, well within the 30 days within which a motion for a new trial must be filed. In addition, although Russell’s trial counsel had already filed a motion for a new trial on the day of sentencing and that motion had been denied, we have found nothing, either in Rule 24.1 or elsewhere, that prevents the filing of multiple motions for a new trial, so long as the motions are timely filed within the 30 day time limit. Because Russell’s appellate counsel had the transcript of Russell’s trial on the 20th day after Russell’s sentencing hearing, his claim of ineffective assistance of trial counsel and his claim that the cumulative effect of his trial counsel’s alleged errors denied him a fair trial could have “reasonably be[en] presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b).... ” Ex parte Ingram, 675 So.2d at 866. Therefore, those claims are barred by Rules 32.2(a)(3) and (a)(5) because they could have been, but were not, raised and addressed at trial and on appeal.
Although Russell’s claims regarding his trial counsel’s alleged ineffectiveness are barred, his claim that his appellate counsel was ineffective for not raising the claims of ineffective assistance of trial counsel in a motion for a new trial so that they would be preserved for review on direct appeal — Claim 3, as set out above— is not.[6] This Rule 32 petition was Russell’s first opportunity to allege that Wiley was ineffective for failing to present those claims in a motion for a new trial. In summarily denying Russell’s petition, however, the circuit court merely made the following notation on the case action summary: “Petition for R[ule] 32 denied — trial record supports court’s finding that trial counsel performed admirably at all times, [and the trial] court’s charge on complicity was an accurate statement of the law.” (C. 2.) While this ruling could also be construed as an implicit ruling on the ineffective-assistance-of-appellate-counsel claims, the court did not specifically mention Russell’s claims of ineffective assistance of appellate counsel. However, the circuit court’s finding that Russell’s “trial counsel performed admirably at all times, [and the trial] court’s charge on complicity was an accurate statement of the law” is simply not a sufficient finding for this Court to review Russell’s claim that his appellate counsel should have raised claims of ineffective assistance of trial counsel in a motion for a new trial so that they would be *127 preserved for review on direct appeal. See, e.g., Sunday v. State, 857 So.2d 166 (Ala.Crim.App.2002); Scroggins v. State, 827 So.2d 878 (Ala.Crim.App.2001).
Russell has pleaded facts that, on their face, may be meritorious with regard to some of his claims that his appellate counsel was ineffective. Therefore, we remand this cause for the circuit court to address the mexits of Russell’s claim that his appellate counsel was ineffective for not raising each of the claims of ineffective assistance of txial counsel listed above, and to issue specific findings of fact regarding that claim. Those findings must, of necessity, include specific findings of fact regarding each of the underlying ineffective-assistance-of-trial-counsel claims as well as the claim that the cumulative effect of trial counsel’s alleged errors denied Russell a fair trial. The court should allow the State to respond to Russell’s petition. The court may either conduct an evidentiary hearing or take evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. If the court determines that Russell is entitled to relief, it may grant whatever relief it deems necessary. Due return shall be filed with this Court no later than 63 days from the date of this opinion. The return to remand shall include the circuit court’s written findings, a transcript of the eviden-tiary hearing, if one is conducted, and any other evidence received by the court.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

. Those assertions included informing the jury that Russell was in the car with the victim when the victim was killed but that he was not involved, that he acted out of duress in helping to clean the car, and that there were reasons for his statement to the police concerning the shooting.

. Russell also checked the boxes on the Rule 32 form alleging that the trial court lacked jurisdiction to render the judgments or to impose the sentence, and that newly discovered evidence existed that required his convictions or sentence be vacated. However, he pleaded no facts in his petition regarding those claims. In addition, Russell does not pursue either of these claims on appeal; therefore, they are deemed abandoned. See, e.g., Brownlee v. State, 666 So.2d 91, 93 (Ala. Crim.App.1995)("We will not review issues not listed and argued in brief.”).

. Russell's motion for a new trial did not allege ineffective assistance of trial counsel.

. Wiley subsequently withdrew as appellate counsel and Stephen Strickland filed a notice of appearance on behalf of Russell.

. Although not applicable in this case, we note that the Alabama Supreme Court recently amended Rule 32.2, Ala.R.Crim.P., to add language similar to the language in Ex parte Ingram. The Supreme Court added subsection (d), which provides, in part: “Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable.” (Emphasis added.)

. Russell's petition was prepared with the assistance of counsel Stephen Strickland. As noted above, this Court’s record from Russell’s direct appeal reflects that John Wiley was originally appointed to represent Russell on appeal; that Wiley subsequently withdrew from representing Russell; and that Stephen Strickland filed a notice of appearance on June 29, 2000, and ultimately pursued the appeal. Strickland did not become Russell's attorney of record on direct appeal until well after the 30-day period to file a motion for a new trial in the trial court had lapsed. Therefore, Russell's claim that his appellate counsel was ineffective for not raising his claims of ineffective assistance of trial counsel in a motion for a new trial relates only to Wiley’s representation of Russell.