[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 161 
Tavares Ravon Brown appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief, in which he attacked his guilty-plea conviction in 2001 for trafficking in cocaine and his resulting sentence of life imprisonment. This Court affirmed Brown's conviction and sentence on direct appeal in an unpublished memorandum issued on January 25, 2002. See Brown v. State (No. CR-00-2586), 854 So.2d 1121
(Ala.Crim.App. 2002) (table). This Court issued a certificate of judgment on February 12, 2002.
Brown filed the present petition on November 9, 2002, claiming (1) that his trial counsel was ineffective for not challenging what he claims was an invalid search warrant and for not moving to suppress the cocaine evidence seized pursuant to that search warrant, and (2) that his appellate counsel was ineffective for not challenging trial counsel's effectiveness in a motion for a new trial and then on direct appeal. *Page 162 
After receiving a response from the State, the circuit court summarily denied Brown's petition, finding, as the State argued in its response, that his claims were procedurally barred by Rule 32.2(a)(5), Ala.R.Crim.P., because they could have been, but were not, raised and addressed on direct appeal.
 I.
The circuit court erred in concluding that Brown's ineffective-assistance-of-appellate-counsel claim was barred by Rule 32.2(a)(5). A Rule 32 petition is the first opportunity Brown had to challenge his appellate counsel's effectiveness. See, e.g., Russell v. State, 886 So.2d 123, 126 (Ala.Crim.App. 2003) (claim of ineffective assistance of appellate counsel was not procedurally barred because "[t]his Rule 32 petition was Russell's first opportunity to allege that [appellate counsel] was ineffective"); Sunday v. State, 857 So.2d 166, 169
(Ala.Crim.App. 2002) (claim of ineffective assistance of appellate counsel was not procedurally barred because "this [Rule 32] petition represents Sunday's first opportunity to challenge appellate counsel's representation"); and Harville v. State,772 So.2d 1199, 1199 (Ala.Crim.App. 1999) (claim of ineffective assistance of appellate counsel was not procedurally barred because "the present Rule 32 petition was Harville's first opportunity to raise the issue of the ineffectiveness of his appellate counsel").
We note that, in support of the proposition that this claim is barred by Rule 32.2(a)(5), the State relies on Jones v. State,816 So.2d 1067 (Ala.Crim.App. 2000), in which this Court stated the following regarding a similar issue:
 "Jones's claims of ineffective assistance as to appellate counsel are procedurally precluded for the following reasons. Pursuant to Anders [v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)], upon receipt of appellate counsel's no-merit brief, this Court gave Jones the opportunity to raise any points or issues that he chose to raise on appeal. Jones did not present this court with any potential issues.
 "`Because the Anders procedure gave [appellant] the opportunity to make any argument that he believed his attorney should have raised, he cannot now seek relief by alleging ineffective assistance. Such allegations cannot be used to obtain additional appeals of issues that could have been raised on direct appeal."
 "Johnson v. Moore, 744 So.2d 1042, 1043
(Fla.Dist.Ct.App. 1999) (habeas corpus petitioner).
 "Having had the opportunity to present all his claims on direct appeal, Jones cannot now claim that his appellate counsel (i.e., himself) was ineffective. Thus, the claims Jones now asserts as ineffective assistance of appellate counsel could have been raised on direct appeal but were not; thus, they are precluded by Rule 32.2(a)(5), Ala.R.Crim.P. Rule 32 is no substitute for direct appeal. Siebert v. State, 778 So.2d 842, 850 (Ala.Crim.App. 1999)."
816 So.2d at 1071. According to the State, Brown's ineffective-assistance-of-appellate-counsel claim could have been raised as a pro se issue on direct appeal and, therefore, it is now barred by Rule 32.2(a)(5). We disagree.
Although on direct appeal Brown's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the scope of this Court's review under Anders is limited. This Court has repeatedly refused to review pro se issues in Anders cases that were not preserved for review *Page 163 
at trial. See Powell v. State, 854 So.2d 1206 (Ala.Crim.App. 2002); O.T. v. State, 837 So.2d 327 (Ala.Crim.App. 2002);Phillips v. State, 755 So.2d 63 (Ala.Crim.App. 1999). When reviewing a record in a case in which an Anders brief has been filed, this Court does not conduct a plain-error type of review, but rather, conducts a preserved-error review. Our review is limited to examining the record to determine whether there was any error at trial that was properly preserved for review. If a claim is not preserved for review, it will not be reviewed by this Court under Anders. Because no claim of ineffective assistance of appellate counsel could possibly be preserved at trial (before appellate counsel has performed), even had Brown challenged appellate counsel's effectiveness on direct appeal, this Court would not have reviewed the claim.
After reviewing the opinion in Jones, we believe the point of the above-quoted language was to emphasize that the substantive claims underlying Jones's in effective-assistance-of-appellate-counsel claim, i.e., those claims that Jones alleged should have been raised on appeal by his appellate counsel, would be barred by Rule 32.2(a)(5) because they could have been, but were not, raised by Jones as pro se issues. The holding in Jones was not that Jones's ineffective-assistance-of-appellate-counsel claim was barred by Rule 32.2(a)(5); instead, the intent in Jones was to hold that Jones's ineffective-assistance-of-appellate-counsel claim was meritless because prejudice could not be established underStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). To the extent, however, that certain language in Jones suggests that whenever an Anders brief is filed on direct appeal and the appellant does not challenge appellate counsel's effectiveness as a pro se issue, then any claim of ineffective assistance of appellate counsel raised in a subsequent Rule 32 petition is barred by Rule 32.2(a)(5), it is hereby overruled.
Although the circuit court's reason for denying this claim was erroneous, "`where the judgment of the circuit court denying a petition for post-conviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial.'" Long v. State,675 So.2d 532, 533 (Ala.Crim.App. 1996), quoting Swicegood v. State,646 So.2d 159, 160 (Ala.Crim.App. 1994). In this case, Brown's claim that his appellate counsel was ineffective is meritless because his appellate counsel could not have reasonably challenged trial counsel's effectiveness in a motion for a new trial and then on appeal.
The record from Brown's direct appeal reveals that Brown was sentenced on August 20, 2001. However, the record was not certified as complete until October 1, 2001 — 42 days after Brown's sentencing hearing — and was not served on each party until October 2, 2001 — 43 days after Brown's sentencing hearing.[1] A motion for a new trial must be filed within 30 days of sentencing. See Rule 24.1, Ala.R.Crim.P. "It is neither reasonable nor practical to expect newly appointed appellate counsel to raise an ineffective-assistance-of-trial-counsel claim without the benefit of a trial transcript to document and support a defendant's allegations as to what occurred during trial." V.R. v. State,852 So.2d 194, 202-03 (Ala.Crim.App. 2002) (opinion on application for rehearing). Because the record of *Page 164 
Brown's guilty-plea proceedings was not prepared in time for Brown's appellate counsel to have reviewed it and to have presented any claims of ineffective assistance of trial counsel he deemed viable in a timely filed motion for a new trial, Brown's appellate counsel was not ineffective for not challenging trial counsel's effectiveness in a motion for a new trial and then on direct appeal.
 II.
The circuit court also erred in concluding that Brown's ineffective-assistance-of-trial-counsel claim was barred by Rule 32.2(a)(5). As this Court held in V.R.,"a defendant is not precluded by Rule 32.2(a)(3) and (5) from raising an ineffective-assistance-of-trial-counsel claim for the first time in a Rule 32 petition if the trial transcript was not prepared in time for appellate counsel to have reviewed the transcript to ascertain whether such a claim was viable and to present the claim in a timely filed motion for a new trial."852 So.2d at 202. As noted above, the trial transcript was not prepared in time for Brown's appellate counsel to have reviewed it and to have determined whether any claim of ineffective assistance of trial counsel was viable.
We note that the State argues on appeal that Brown's ineffective-assistance-of-trial-counsel claim is barred by Rule 32.2(a)(4) because, it says, "this Court has already reviewed the record, in response to an Anders brief, and determined that Brown's trial counsel was not ineffective." (State's brief at p. 9.) The State again relies on Jones to support its argument in this regard; specifically, the State relies on the following language in Jones:
 "Pursuant to Anders, this Court has examined all of the proceedings and has found no issue of merit regarding trial counsel's performance. Therefore, these claims are precluded by Rule 32.2(a)(4), Ala.R.Crim.P., as claims that were addressed on appeal."
816 So.2d at 1071. After reviewing the opinion in Jones, it is clear that any suggestion that ineffective-assistance-of-trial-counsel claims are barred by Rule 32.2(a)(4) whenever an Anders brief is filed on direct appeal was a misstatement. In the paragraph immediately following the paragraph quoted above, the Court in Jones stated:
 "Jones's claims of ineffective assistance of trial counsel are not precluded for the following reason. It appears from the record that appellate counsel was appointed after a motion for a new trial was filed. Thus, the instant Rule 32 proceeding is Jones's first opportunity to raise his ineffective-assistance-of-trial-counsel claim."
816 So.2d at 1071. The Court then remanded the case for the circuit court to address the merits of Jones's allegations of ineffective assistance of trial counsel. Clearly, the Court inJones did not hold, as the State argues, that allegations of ineffective assistance of trial counsel are barred by Rule 32.2(a)(4) whenever an Anders brief is filed on direct appeal because this Court reviews trial counsel's performance as part of our Anders review; if that were the holding in Jones, this Court would not have remanded the case for the circuit court to address the merits of Jones's allegations of ineffective assistance of trial counsel. To the extent that certain language in the Jones opinion suggests that this Court reviews trial counsel's performance as part of our Anders review and that, therefore, any claim of ineffective assistance of trial counsel raised in a Rule 32 petition would be barred by Rule 32.2(a)(4), it is hereby overruled.
Because, as noted above, the scope of this Court's Anders
review is so limited, *Page 165 
this Court did not, as the State argues, review trial counsel's performance on direct appeal as part of our Anders review. Thus, Brown's ineffective-assistance-of-trial-counsel claim is not barred by Rule 32.2(a)(4).
Brown argues that his trial counsel was ineffective for not moving to suppress the cocaine evidence, seized as a result of a search of his residence, that formed the basis of the trafficking conviction because, he says, the search warrant was defective. He makes two arguments regarding the search warrant; we address each in turn.
 A.
First, Brown contends that the affidavit submitted in support of the search warrant was not sufficient to establish probable cause because, he says, the affidavit included no facts establishing that the informant was reliable, but contained merely a conclusion as to the informant's reliability.
Rule 32.3, Ala.R.Crim.P., states that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.6(b), Ala.R.Crim.P., states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." As this Court noted in Boyd v. State, [Ms. CR-02-0037, September 26, 2003] ___ So.2d ___ (Ala.Crim.App. 2003):
 "`Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.' Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App. 1999). In other words, it is not the pleading of a conclusion `which, if true, entitle[s] the petitioner to relief.' Lancaster v. State, 638 So.2d 1370, 1373 (Ala.Crim.App. 1993). It is the allegation of facts in pleading which, if true, entitles a petitioner to relief."
___ So.2d at ___. Brown's allegation regarding the affidavit submitted in support of the search warrant is nothing but a bare conclusion unsupported by specific facts. Although Brown alleged that the affidavit included nothing but a mere conclusion regarding the informant's reliability, he did not plead in his petition what facts were in the affidavit regarding the informant. Therefore, he failed to plead sufficient facts to show that his trial counsel was ineffective for not moving to suppress the cocaine evidence on this ground at trial.
 B.
Second, Brown contends that the search warrant was not obtained until after the search had already been conducted and, therefore, that the search was illegal. Brown alleges that the search of his residence began at 8:12 p.m. on May 4, 2000, and ended at 9:32 p.m. on May 4, 2000, at which time he was provided with an inventory list of the items that had been seized. However, according to Brown, the search warrant was not "drafted" until 9:37 p.m. on May 4, 2000, after the law-enforcement officers had already searched his residence. (C. 7.) Brown maintains that he would not have pleaded guilty if his trial counsel had challenged the search warrant and moved to suppress the evidence seized pursuant to that warrant. (C. 14.)
Brown's allegation regarding the timing of the issuance of the warrant and the execution of the warrant was not refuted by the State in its response to Brown's petition, and the circuit court did not address this allegation in summarily denying the petition. We have reviewed the record *Page 166 
from Brown's direct appeal record and find that it is of no assistance in resolving this issue; it does not contain the affidavit, the warrant, or the inventory sheet mentioned by Brown. Therefore, we must accept Brown's allegation as true. See, e.g., Bates v. State, 620 So.2d 745, 746 (Ala.Crim.App. 1992), quoting Smith v. State, 581 So.2d 1283, 1284 (Ala.Crim.App. 1991) ("`When the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true.'").
Brown's unrefuted allegation is sufficiently pleaded and, if true, may entitle him to relief. Therefore, we must remand this case for the circuit court to address the merits of Brown's allegation that his trial counsel was ineffective for not moving to suppress the cocaine evidence on the ground that the search of his residence was conducted before law-enforcement officers obtained the search warrant and to issue specific findings of fact regarding that allegation. On remand, the circuit court may, at its discretion, conduct an evidentiary hearing, or take evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. We do not foreclose the possibility that the State may be able to demonstrate through a copy of the search warrant, the affidavit in support of the search warrant, or through some other evidentiary means, that Brown's allegation in this regard is meritless. If the court determines that Brown is entitled to relief based on his ineffective-assistance-of-trial-counsel claim, it may grant whatever relief it deems necessary. Due return shall be filed with this Court no later than 49 days from the date of this opinion. The return to remand shall include the circuit court's written findings, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received or relied on by the court.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] This court may take judicial notice of its own records. SeeHull v. State, 607 So.2d 369, 371 (Ala.Crim.App. 1992).
* Note from the reporter of decisions: On August 13, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On October 15, 2004, that court denied rehearing, without opinion. On December 10, 2004, the Supreme Court denied certiorari review, without opinion (1040158).